[S. F. No. 6635. Department One.—February 7, 1914.]

## In the Matter of the Estate of ERNEST V. COWELL, Deceased.

WILL—CONSTRUCTION OF BEQUEST TO EMPLOYEES OF CORPORATION.—A testator, who died March 18, 1911, by his holographic will dated January 9, 1911, made the following bequests: "Fifth: To all employees of the Henry Cowell Lime and Cement Co. now working for said firm at Santa Cruz and who have been in said employ for twenty years the sum of one thousand dollars and to all who have worked over ten years the sum of five hundred dollars each.

"Sixth: To all employees in the S. F. of said firm who have worked three years the sum of one thousand dollars and who have worked two years the sum of five hundred dollars each. In all cases these dates are of January first, nineteen hundred and eleven." *Held,* that the benefits conferred by the fifth paragraph were limited to persons who were employees of the company on January 1, 1911, and that to entitle them thereto. it was not necessary that they should have been employed continuously for twenty and ten years respectively.

ID.—PERSON EMPLOYED TO CUT WOOD—PAYMENT BY THE CORD.—A person engaged in cutting wood for the company on its property, at a specified price per cord, and who worked exclusively for the company, under the supervision of its agent, cutting where he was told to cut, and devoting all his time to such work, was an employee of the company within the meaning of that term as used in the will.

APPEAL from a decree of the Superior Court of the City and County of San Francisco for the partial distribution of the estate of a deceased person. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, for Appellants.

I. F. Chapman, for Respondents.

ANGELLOTTI, J.—This is an appeal by the residuary legatees under the last will of Ernest V. Cowell, deceased, from a decree of partial distribution made in the matter of his estate. The will of deceased, which was holographic and apparently one prepared by a layman, contained the following provisions:

"Fifth: To all employees of the Henry Cowell Lime and Cement Co. now working for said firm at Santa Cruz and who have been in said employ for twenty years the sum of one thousand dollars each and to all who have worked over ten years the sum of five hundred dollars each.

"Sixth: To all employees in the S. F. of said firm who have worked three years the sum of one thousand dollars and who have worked two years the sum of five hundred dollars each. In all cases these dates are of January first, nineteen hundred and eleven."

The distributees are claimants under the provision numbered "Fifth," some claiming and being awarded one thousand dollars on the theory of twenty years' employment, and the others claiming and being awarded five hundred dollars on the theory of ten years' employment.

While the will was dated January 9, 1911, and the deceased did not die until March 18, 1911, it appears to be conceded by respective counsel that the statement in the sixth provision that "in all cases these dates are of January first, nineteen hundred and eleven" was intended by the testator to be applicable to the fifth provision. We are of the opinion that this is correct. It follows, of course, that to entitle an employee to one thousand dollars thereunder, he must have been in the employ of the Cowell Company for at least twenty years on January 1, 1911, and that to entitle an employee to five hundred dollars thereunder, he must have been in such employ for at least ten years on January 1, 1911. We are of the

opinion also that the benefits conferred by the fifth provision must be held to have been intended to be limited to such employees as were working for the company on January 1, 1911. Ordinarily a will is held to speak as of the date of the death of the testator, but the language used may require a different construction, as is the situation here, in view of the express provision that "in all cases these dates are of January first, nineteen hundred and eleven." It is clear that the express limitation in the fifth provision to *"employees . . . now working"* is applicable to the second class of beneficiaries named therein, viz.: those who had worked over ten years and who were given five hundred dollars. There is no warrant, in view of the language of the will, for limiting the application of this to those who had been in the employ of the company for twenty years or over. We are of the opinion that the fifth provision may not fairly be construed as being applicable only to those who had been *continuously* employed for twenty and ten years respectively. The apparent desire of the testator, as we read the provisions of the will, was to give something to all persons who were employees of the company on January 1, 1911, and who on that day had been in the employ of the company for over ten years, regardless of whether or not the employment had been continuous. No language is used which indicates the idea on the part of the testator of continuous employment. As to the twenty-year men, the provision is substantially in favor of any employee now working for the company, who had been in the employ of the company for twenty years. One who had been in such employ for a period of ten years, then out of employment for five years, and again in the employ of the company for a period of ten years to and including January 1, 1911, appears to us to be included by this provision. As to the ten-year men, the provision substantially is in favor of any employee now working for the company who has worked for the company over ten years, which even more plainly indicates the idea that continuous employment was not intended. We read the provision of the will here involved substantially as follows: To all persons who, on January 1, 1911, were employees of the Henry Cowell Lime and Cement Company, then working for said company at Santa Cruz, and who on that day had been in such employ for twenty years or more, taking all their periods

of employment into consideration, one thousand dollars; and to all persons who on January 1, 1911, were such employees, and who on that date had been in such employ for over ten years, taking all their periods of employment into consideration, five hundred dollars.

This being, in our opinion, the proper construction of the provision, we will take up separately the cases of the several distributees.

1. As to the distributee Bernardo Ricco, it is conceded in appellants' brief that the decree should be affirmed. In respondents' brief it is stated that said Ricco has received his legacy since appellants' brief was filed.

2. As to distributee Manuel S. Caldera, to whom was distributed one thousand dollars: It is not claimed that he was not in the designated employ for more than twenty years in the aggregate prior to January 1, 1911, or that he was not in such employ on the last named date. The only objection to the award to him is that there was no continuous employment for a period of twenty years to and including January 1, 1911. In view of what we have said, this objection cannot be held to preclude his taking under the will, and as to him the decree must be affirmed.

3. As to distributee Frank Caldera, to whom was distributed one thousand dollars: We are of the opinion that the evidence cannot fairly be held to be sufficient to support the conclusion of the trial court that Caldera was in the employ of the company on January 1, 1911, or to warrant a conclusion that he worked for said company at any time in 1911 prior to September or October of that year. It is true that he testified that he was working for the company on January 1, 1911, but in the same connection and on direct examination in his own behalf, he testified on August 5, 1912, that he "quit" working there when they shut down the upper kiln "a couple of years ago," and that he had "quit" "three or four months before" E. V. Cowell died, which was on March 18, 1911. On cross-examination, he testified that he did not work in 1911 at all before commencing work about three months before Christmas, and that he did not work at all for the company in the year 1910. A. S. Johnson, who was the general manager of the company for the Santa Cruz territory, and who had charge of the books and time of the men, testified positively

that Caldera did not work for the company at any time in the year 1910, or in the year 1911, until the month of September or October. We are of the opinion that under the circumstances, there was no substantial evidence to the effect that Caldera was working for the company on January 1, 1911, and that his own testimony was not sufficient to create a substantial conflict. As to this distributee, the decree must be reversed.

4. As to distributee Joe Benate, to whom was distributed one thousand dollars: The conclusion of the trial court that Benate was working for the company at Santa Cruz on January 1, 1911, is amply sustained by the testimony of Benate himself, which is clear and positive to the effect that he commenced such employment in 1884, and worked continuously for the company until June, 1911; that he was working in such employment on January 1, 1911; and also at the time deceased died. The testimony of Mr. Johnson to the contrary simply created a conflict in the evidence and we are bound by the finding of the trial court. As to Benate the decree must be affirmed.

5. As to distributee Joe Juraz, to whom was distributed one thousand dollars: Juraz had worked for the company continuously for twenty years, but left such employ in 1907, and had never worked for the company after that time. Respondents' attorney admits in his brief that no one was entitled to one thousand dollars under the fifth provision of the will unless he was in the employ of the company up to January 1, 1911. But he suggests that Juraz was entitled to five hundred dollars upon the theory that this limitation, viz.: employment on January 1, 1911, is not applicable to the ten-year class created by the fifth provision of the will. In view of what we have said as to the proper construction of the will, there is no force in this claim. The decree must be reversed as to this distributee, who was not entitled to anything under the will.

6. As to distributee Martin Rodereiguez, to whom was distributed five hundred dollars. The claim of this distributee rests entirely on the testimony of Mr. Johnson. Consideration of this testimony has satisfied us that there is sufficient support therein for the conclusion of the trial court. As to him the decree must be affirmed.

7. As to distributee Paola Maraki, to whom was distributed five hundred dollars: This claimant left the employ of the company in August, 1909, and was never thereafter in its employ. What we have said in regard to the Juraz claim is applicable here. The decree must be reversed as to this claimant.

8. As to distributee Peter Martelli, to whom was distributed five hundred dollars: During the first eight years of his connection with the company, he was engaged in cutting wood for the company on the property, at a specified price per cord. During the remaining four years, including January 1, 1911, and up to the time of Mr. Cowell's death, he was employed as a watchman at the "upper kiln." It is claimed that during the first eight years, he was not an employee in any sense of the word, but was an independent contractor. During all of this period he worked continuously at cutting wood for the company on its property, under the supervision of Mr. Cowell, cutting where he was told to cut, working for no one else, and devoting all his time to this work. We are satisfied that this claimant must be held to have been an "employee" within the meaning of that term as used in the will. The mere fact that he was paid so much a cord instead of so much a day or week or month was not sufficient to take him out of the category of employees. The facts in *Estate of Klein*, 35 Mont. 185, [88 Pac. 798], relied on by learned counsel for appellant, differ materially from those of the case at bar. The decree must be affirmed as to this claimant.

What we have said disposes of all the claims made by appellant.

It follows that in regard to distributees Frank Caldera, Joe Juraz, and Paola Maraki, the findings of the trial court are in a material respect not sufficiently sustained by the evidence.

The decree of partial distribution is reversed and a new trial ordered as to each of the following persons, viz.: Frank Caldera, otherwise known as Frank Caldero; Joe Juraz, otherwise designated as Joe Juarez; and Paola Maraki, sometimes known as Paola Marucie. In all other respects said decree is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.