LEE SHOWERS, APPELLANT, V. ALVIN C. LUND, APPELLEE.

FILED APRIL 8, 1932. No. 28287.

*Miller & Blackledge,* for appellant.

*Dryden & Dryden, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

GOSS, C. J.

The compensation commissioner and the district court in turn denied compensation on the ground that plaintiff was not an employee but was an independent contractor. That is the only ground of this appeal.

Whether one is an employee or an independent contractor must be determined from the circumstances of each particular case. *Potter v. Scotts Bluff County,* 112 Neb. 318. "There is no hard and fast rule by which to determine whether one sustains the relation of employee

or that of an independent contractor. It has frequently been held by this and other courts that the relation must be determined by the facts in the particular case." *Claus v. DeVere,* 120 Neb. 812, 816. The nature of the relation must be determined from all the evidence. *Barrett v. Selden-Breck Construction Co.,* 103 Neb. 850. On the issue as to whether a workman is an employee as distinguished from an independent contractor, his relation to his employer should be determined from all the facts rather than from any particular feature of the employment or service. *Knuffke v. Bartholomew,* 106 Neb. 763.

Alvin C. Lund was engaged in furnishing gravel from his pit to a county highway construction project. He employed Lee Showers, together with others, to haul this gravel from the pit from which it was pumped to the highway where it was to be used. Some of these drivers used Lund's trucks and others used their own. Showers used his own truck, furnished its gas and oil and kept the truck in repair. His truck held two cubic yards of gravel. He received seven cents per cubic yard per mile for the gravel hauled from the pump to where it was dumped on the highway. Showers had previously hauled gravel for Lund and knew the work. There was no specific term of employment nor specific amount of gravel agreed to be hauled, and no definite hours of labor were prescribed. The contract of employment was oral. Either party could terminate the relationship at will. Showers began hauling gravel on April 28, 1931. The length of haul was then about eleven miles. He continued until his injury on June 23, when the haul had been gradually shortened to about eight miles. While hauling a load from the pit to the highway under construction, appellant was injured in a collision with an automobile. There is no doubt that he was injured in the course of his employment. The only question is as to whether he was an independent contractor, as the district court held, or an employee, as he claims.

The pleadings and evidence on this point are meager, but they permit the inference that the contract of Lund

was with Adams county to deliver the gravel on a road project in that county at places specified by the overseer of the project. Lund had a foreman at the pit to see that the haulers loaded their trucks properly and the county had checkers to see that proper loads were delivered on the project. It appears from the testimony of Lund that Showers worked continually except when prevented by rain and by a breakdown of the pump. He drove his own truck all the time. Lund received reports, kept books and checked the accounts every week. He computed the amount due on the loads and miles and gave Showers credit each week.

A case very similar in its facts was recently decided by this court but not on this precise point. There the appellee used some of its own trucks and also hired a considerable number of others, among them that of the appellant, to haul paving material at 20 cents a ton mile from appellee's yard to the place of paving several miles away. But there it was held that the appellant's injury did not arise out of and in the course of his employment. This conclusion rendered unnecessary the discussion and decision of other questions; so the question, as to whether the appellant was an independent contractor or an employee covered by the act, was not decided. *Pappas v. Yant Construction Co.,* 121 Neb. 766.

Much learning has been written into the decisions of the courts on the distinctions between an employee and an independent contractor. The result is confusing. It is difficult to reconcile the diverse results derived from quite similar facts. Some apparent inconsistencies are traceable to local statutes. In writing of the diversity and confusion of opinion in the precedents in different jurisdictions, the Iowa supreme court said: "In this state of the precedents we can only hope to maintain, if we may, consistency in our own decisions." *Burns v. Eno,* 240 N. W. (Ia.) 209.

Section 48-115, Comp. St. 1929, of our workmen's compensation law defines an "employee" as including "every person in the service of an employer who is engaged in

any trade, occupation, business or profession as described in section 48-106 of this chapter, under any contract of hire, expressed or implied, oral or written." The section then excludes casual employment, defining the term. Section 48-106, Comp. St. 1929, makes the act applicable "to every employer in this state employing one or more employees, in the regular trade, business, profession or vocation of such employer."

In *Barrett v. Selden-Breck Construction Co.*, 103 Neb. 850, it was held: "The right to supervise, control, and direct the work is one of the tests for determining whether a person is an independent contractor or an employee, but it is not the sole and only test." In *Bodwell v. Webster*, 98 Neb. 664, it was held: "While the existence or the absence of the right of the employer to control the work is a usual test to determine whether the workman is a servant or an independent contractor, the right of the employer to discharge him, the absence of an independent occupation, and the mode of compensating him and his subordinates, may be factors indicating the true relation."

"It is not always easy to determine when one performing labor for another is a servant and when a contractor. Each case must be decided upon its own facts and where these are in dispute the finding of the commission is final. Among the factors more or less controlling are: Does the workman give all or only a part of his time to the work; does the contract contemplate labor on the job, or the completion of it, or some portion of it; has the laborer or the employee control of the details; which may employ, control and discharge assistants; which furnishes the necessary tools and equipment; may either terminate the employment without liability to the others; is compensation measured by time, or by the piece, or by lump sum for the entire task? Of these the most important, in determining the main question, is the right of either to terminate the relation without liability. Where such right exists the workman is usually a servant. Where it does not exist he is usually a contractor. The measure of

compensation is also important for where it is based upon time or piece the workman is usually a servant and where it is based upon a lump sum for the task he is usually a contractor." *Industrial Commission v. Hammond*, 77 Colo. 414.

In *Industrial Commission v. Bonfils*, 78 Colo. 306, the facts as to one who is accidentally killed and the applicable principles granting compensation are stated as follows: "Was Sprigg in the service of the Continental Investment Company under a contract of hire? We think he was. He was engaged to haul coal with his own truck to customers of the company at a fixed price per ton; he was allowed to haul it himself or employ others; he was allowed to come and go as he pleased; need not report for work at any time nor at all unless he chose; could work for others if he desired. He called at the yard when he pleased, and was given coal to haul if there was any to be hauled when he called. The company was under no obligation to give him work, and he was under no obligation to work for the company, therefore he could quit when he chose and the company could discharge him when it chose. This was service for hire.

"A servant is one whose employer has the order and control of work done by him and who directs or may direct the means as well as the end. *Arnold v. Lawrence*, 72 Colo. 528, 530, 213 Pac. 129. By virtue of its power to discharge, the company could at any moment direct the minutest detail and method of the work. The fact, if a fact, that it did not do so is immaterial. It is the power of control, not the fact of control, that is the principal factor in distinguishing a servant from a contractor. *Franklin Coal & Coke Co. v. Ind. Com.*, 296 Ill. 329, 129 N. E. 811. The most important point 'in determining the main question (contractor or employee) is the right of either to terminate the relation without liability.' *Industrial Com. v. Hammond*, 77 Colo. 414, 236 Pac. 1006. This is a confirmation by this court of the rule above stated as to control, because the right immediately to discharge

involves the right of control." The deceased was held to be an employee and not an independent contractor.

A very illuminating case, from which we refrain from quoting at great length, quotes from the last named case and holds that an independent contractor is one who is doing his own work in his own way, and that a construction company, under the facts, is held to have such control over a hired truck as to make the company responsible for negligent operation of the truck. *Bowen v. Gradison Construction Co.*, 236 Ky. 270.

In 14 R. C. L. 72, sec. 9, it is said: "The power of an employer to terminate the employment at any time is incompatible with the full control of the work which is usually enjoyed by an independent contractor, and hence is considered as a strong circumstance tending to show the subserviency of the employee. Indeed, it has been said that no single fact is more conclusive, perhaps, than the unrestricted right of the employer to end the particular service whenever he chooses, without regard to the final result of the work itself. On the other hand, the fact that the employer cannot terminate the employment strongly tends to show that the contractor is independent." Valuable annotations and discussions of the subject may be found in 42 A. L. R. 607, and 43 A. L. R. 1312.

Merely because an employee furnishes his own tools and equipment does not convert him from an employee into an independent contractor. *Claus v. DeVere*, 120 Neb. 812.

Taking into consideration all the facts and applying the legal principles thereto, we are of the opinion that Showers was not an independent contractor, but was an employee of Lund in carrying out the latter's business of furnishing gravel in fulfilment of his contract with the county. It follows that the district court erred in finding that the appellant was not an employee but an independent contractor. The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.