PERINO B. COLE, APPELLEE, V. THOMAS J. MINNICK ET AL., APPELLANTS.

FILED OCTOBER 25, 1932. No. 28362.

*Cordeal, Colfer & Russell* and *Smith, Schall & Sheehan*, for appellants.

*G. E. Simon* and *Perry, Van Pelt & Marti*, contra.

Heard before ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and BEGLEY and BLACKLEDGE, District Judges.

BLACKLEDGE, District Judge.

This is a compensation case and the question to be determined is whether the plaintiff was an employee or an independent contractor.

The Minnick Hardware Company dealt in hardware and farm machinery and had been in business about five years. It had frequent need of the services of a repairman to do repairing and welding, but did not have enough work of that kind to justify the employment of a machinist and welder at full time. Plaintiff Cole was a competent workman in that line, having tools and equip-

ment of his own. He had applied for employment, and an arrangement was orally made whereby Cole was to do all such work as the hardware company had in that line, furnishing his own tools and receiving payment at the rate of $1 an hour for the time devoted to the services. This arrangement had continued during all the time the hardware company had been in business. There was work just as it happened in the course of the business, sometimes one to three or four times a day, then maybe a week or longer, possibly sometimes a month, intervened. Cole maintained a shop of his own and did similar work for others. It was part of the arrangement that Cole did the work personally and gave the hardware company preferential service, in that its work should be attended to at once upon call. The arrangement was to continue as long as the company wanted him, or until Cole wanted to quit. The company furnished parts and materials and had the right of supervision and direction of the work, and usually exercised it in telling him how, where and what was wanted, but did not tell Cole what tools to use or how to use them. The particular instance from which the injury resulted involved the making of an opening into a tank and the insertion of a nipple, in reference to which Minnick furnished the tank and nipple and told Cole just where it should be placed and that it should be welded in and not tapped or screwed in. The welding outfit was portable and work was done with it indiscriminately at Cole's shop, or elsewhere, as seemed most advantageous. Cole was paid irregularly from time to time as he presented bills. No separate account of his work was kept, and what was paid to him was shown on the books in the same manner as that paid any other employee. There is no question raised as to the extent of plaintiff's injury or that the injury arose out of or in the course of his employment, if it was employment within the meaning of the compensation law. That is the question in the case.

Another matter was touched upon in the proof, to the

effect that the hardware company carried insurance, that the agent, Mr. Druse, who sold the policy was at once notified of the injury and the insurer had investigated it. Proof was further offered, that in the negotiations for the policy the hardware company had expressly desired a policy covering part time employees, mentioning Mr. Cole, and it paid a higher rate accordingly. This offer was excluded by the trial court, probably because the insurance company was not a party to the case nor Cole a party to that transaction or conversation, but it might well have been admitted as tending to show the construction placed by the actual defendant upon its relation to the plaintiff Cole.

It has been many times stated and decided by our court that there is no hard and fast rule by which to decide whether one is an employee or an independent contractor, but that the relation must be determined from all the facts in each particular case.

There is, of course, no one fact upon which the decision turns, but we may get some aid in reaching the right conclusion by reference to some of the things which, according to the decisions, do not make one an independent contractor or prevent him from being an employee. Thus, it seems to be well settled in the various jurisdictions that a piece workman is an employee rather than an independent contractor and so is entitled to the protection of the workmen's compensation act. Ann. 38 A. L. R. 839. Merely because an employee furnishes his own tools and equipment does not convert him from an employee into an independent contractor. *Claus v. DeVere,* 120 Neb. 812. It is not necessary that the services under the employment be continuous, and the fact that the contract of employment permitted and contemplated that the employee would engage in other tasks or occupations does not remove the particular contract of hire from the operation of the statute. *Davis v. Lincoln County,* 117 Neb. 148.

Upon the other hand, the adjudications upon some of the features which the record shows existed between the

parties in this case have been that the right to supervise and direct the work, if found to exist in the employer, indicates that the workman is an employee. *(Barrett v. Selden-Breck Construction Co.,* 103 Neb. 850) ; also that perhaps the most important feature is the right of either party to terminate the relation without liability. Where such right exists the workman is usually a servant *(Industrial Commission v. Hammond,* 77 Colo. 414).

The contract in this case was for the personal services of the plaintiff Cole, and there is indicated in the case of *Potter v. Scotts Bluff County,* 112 Neb. 318, some of the features which usually attach to the character of an independent contractor as distinct from an employee.

It is said in appellants' brief that the trial court based its decision largely upon the case of *Davis v. Lincoln County,* 117 Neb. 148, and, in an endeavor to distinguish that case from this one, the defendants argue that in the *Davis* case it was assumed at the outset that the relation of employer and employee existed. We cannot agree with this view of the *Davis* case, for the reason that in the opinion by Eberly, J., is set out the contentions presented on the appeal and the one that heads the list is "that the relation then existing between the county and the plaintiff at the time of the accident did not create a compensable status in the latter." We find many of the features of the employment of the plaintiff in that case, as the same are stated in the opinion, quite similar to those of the plaintiff in the present case, and it might well be that the decision in the *Davis* case influenced the trial court toward the determination that plaintiff was an employee. However that may be, this court has in the later case of *Showers v. Lund, ante,* p. 56, in an opinion by Goss, C. J., assembled and succinctly stated many of the features which control the determination of the status of the workman, and we find the same applicable to the present case.

We believe that under the evidence disclosed by the record and referred to herein, and upon the decisions of

this court in *Davis v. Lincoln County*, 117 Neb. 148, *Claus v. DeVere*, 120 Neb. 812, and *Showers v. Lund, ante,* p. 56, the plaintiff Cole must be held to have been an employee, and not an independent contractor.

It may be said that this case upon its facts is a border line case. Even so, it is held that our compensation act is one of general interest, not only to the workman and his employer, but as well to the state, and it should be so construed that technical refinements and interpretations will not be permitted to defeat it. The act being remedial in its nature, this court, in accord with others, should be inclined to solve such questions in favor of the employee. *Parson v. Murphy*, 101 Neb. 542; *McGuire v. Phelan-Shirley Co.*, 111 Neb. 609; *Herron v. Coolsaet Bros.*, 158 Minn. 522.

The conclusion, therefore, is that the judgment of the trial court was right, it should be and is affirmed, and the appellee is allowed an attorney's fee in this court of $200.

AFFIRMED.

BEGLEY, District Judge, dissenting.

I am unable to concur in the majority opinion in this case. It is an action to recover for workman's compensation under the following circumstances:

The claimant Cole has been operating a machine shop at Cambridge since 1917. His shop is equipped with lathes, raddle drills, dies, hack and power saws, and small tools of various sorts. For the past ten years he has operated a portable acetylene welding outfit. He does repair work in his line as a machinist as well as an acetylene welder for any one who wants work of that character.

The defendants, Thomas J. Minnick and Harvey E. Minnick, are partners in Cambridge under the name of Minnick Hardware Company. They are retail dealers in hardware, farm machinery and other lines of merchandise. They have no facilities for repairing broken parts of machinery nor are they equipped to do acetylene welding. Their place of business is situated at a distance of more than two blocks from Cole's shop. When the Min-

nicks opened their store about five years ago, Cole, knowing that they would occasionally want repair work and welding, solicited their business, and they orally agreed to give him all the work they had in his line and were to pay him $1 an hour for the time spent in working for them, the same as he received from other customers of his shop. All of the work excepting occasionally the welding was to be done at the Cole shop. Cole had a portable acetylene welding outfit, and he agreed, when it was necessary, to take this any place where work of that sort was to be done and to give immediate and prompt service. Cole did all the work that defendants had to do and he also traded with them in their store at intervals, balancing accounts. When Minnicks sent customers over to Cole to have their repair work done, sometimes it was paid direct by the customer and sometimes it was handled by Minnicks through their accounts between the parties. The quantity of work varied greatly. Cole might do two or three jobs in one day and then again he might do nothing for them for a week or sometimes a month. He worked for other people and did the same kind of work and received pay at the same rate.

The terms of the contract were oral and very informal. Cole employed no help and did all his own work. He testified that the only conversation with Minnick was as follows: "We were talking about his going into business, and I says: 'You will have work along my line, and I would like to have your work along my line as machinist and welder.' And he says: 'Sure, I will give it to you; we have not got so awfully much work, but I will give you what we have.' "

On October 6, 1930, Minnick took a tank to Cole's place of business on a truck belonging to the defendants and left it on the truck in the street just north of the entrance to his shop. Cole had theretofore done a similar job for the defendants and Minnick told him to put the nipple in the same distance from the bottom of the tank and in the same manner as he had done in the other job.

Minnick drove into the country and was not present when Cole started to work. In the course of the work an explosion occurred injuring Cole very seriously.

The question to be determined in this case is whether the relation between Cole and the Minnicks is that of employer and employee or whether the claimant was an independent contractor.

Subdivision 4, sec. 48-115, Comp. St. 1929, in defining what is not an employee or workman under our compensation act, provides: "It shall not be construed to include any person to whom articles and materials are given to be made up, cleaned, washed, finished, repaired or adapted for sale in the worker's own home or on other premises not under the control or management of the employer, unless the employee is required to perform the work at a place designated by the employer."

It seems to me this section of the statute covers the present situation exactly. Cole was the owner and operator of a machine shop; the articles and materials were given to be made up and repaired in his own shop, not under the control or management of the Minnicks, and he was not required to perform the work at any other place; and under such circumstance he should be held to be an independent contractor, engaged in such work with the public generally, and the defendant's work was received and handled the same as the work of any other customer.

Cole contends that the Minnicks superintended and directed the work which Cole was to do, but the evidence shows that they were not skilled in this line of work, had no equipment, and left the matter entirely to Cole. Cole also claimed that he was an employee because he agreed to give them a preference, but the evidence shows his shop was open to the general public for services in this line of business but such preference as a claim was only incidental to his work and merely is rendered to increase his business. An independent artisan could not under such an agreement be considered as an employee within

the intendment of the compensation statute. He could claim an artisan's lien under section 52-201, Comp. St. 1929.

The facts involved in the case of *Cobb v. Long Bell Lumber Co.*, 16 La. App. 297, are very similar to the facts in the instant case. There the plaintiff, who was running a blacksmith shop fully equipped to shoe horses and mules, entered into a contract with the defendant company to have its mules shod at the barn of the defendant for the same price he was charging at his shop for his customers for similar services, in consideration of the offer that plaintiff would get a regular job to shoe all of its mules. It was held, after a broad discussion of all of the issues raised, that the plaintiff was an independent contractor.

The cases cited in the majority opinion are not strictly in point, as it is not shown in any of them that the work was performed at the home or on the premises of the claimants. In the case of *Davis v. Lincoln County*, 117 Neb. 148, Davis was employed by the authorities of Lincoln county, Nebraska, to care for, supervise and perform necessary services in connection with the maintenance and protection of three bridges across the Platte river, situate in said county, for such repairs and protection as might from time to time arise. The only question involved in that case was the question of the county being liable for continuous employment or part employment, or whether or not the plaintiff was an employee at the time he was injured.

I respectfully submit that under the statute the claimant Cole was an independent contractor in this case, and that the case should be reversed and dismissed.

DAY, J., joins in dissent.