STATE AUTOMOBILE INSURANCE ASSOCIATION, APPELLEE, v. EARNEST S. PICKETT, APPELLANT.

FILED MARCH 2, 1933. No. 28641.

*George B. Dent, Jr.,* for appellant.

*Chambers & Holland* and *C. R. Mattson,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ., and RAPER, District Judge.

EBERLY, J.

This is an action by Earnest S. Pickett, hereinafter referred to as claimant, to recover compensation under the workmen's compensation act of Nebraska for injuries sustained by him while driving an automobile for the State Automobile Insurance Association, hereinafter designated as the association, from El Paso, Texas, to North Platte, Nebraska. At the conclusion of claimant's evidence, the district court sustained a motion of the association for a judgment in its behalf, finding generally for the association, and finding specially that claimant, at

the time of the accident which caused his injuries, was not an employee of the association, but was then an "independent contractor," and as such not within the provisions of the workmen's compensation act of Nebraska, and thereupon dismissed the proceeding. Claimant appeals.

There is no conflicting evidence in the case; claimant's proof alone appearing in the bill of exceptions. The undisputed facts disclose that an automobile, which had been insured by the association against theft, had been stolen in Nebraska, and had been recovered by the state authorities of Texas in the city of El Paso in that state. The association was desirous of having it returned to North Platte, Nebraska. An oral agreement, for the purpose of accomplishing this plan, was entered into by T. A. Wilson, representing the association, and the claimant. The testimony on this subject was: "Q. What conversation did you have with Mr. Wilson? A. Mr. Beck introduced me to him, and he said, 'Here is a man for you,' and Mr. Wilson told me about the car having been stolen and give me all the credentials, and told me to go down and get it. Q. Where did he tell you the car was? A. At El Paso, Texas. Q. What did he tell you relative to paying you for making this trip down there? A. He told me he would give me $10 and all my expenses. * * * Q. Was there anything said there as to what your expenses should include? A. Railroad fare, room, board and lodging and the expense of driving the car back; also he explained if there was anything the matter with the car to get it fixed so I could drive it back." This of course included supplying a certain spare tire for equipping the same. Pickett was advanced expense money before commencing his trip to Texas, and was furnished a schedule of railway trains via Denver, Colorado, to El Paso, Texas. He proceeded to that place, took possession of the stolen car, and had the necessary repairs made. The return route to be followed was not covered by the terms of the oral agreement, nor indicated

by any instructions of the association. Pickett was, however, not to drive after 6 p. m., as the association was desirous of taking no chances of increased risk due to night driving. On the return trip, while passing over a road which had been chosen by the claimant, in the general vicinity of Carlsbad, New Mexico, the left front tire "blew out" causing the automobile to tip over. This accident resulted in damages to the car and certain physical injuries to the claimant. This transaction constitutes the basis of this litigation. Thereafter the necessary repairs to the automobile were made, and certain services of a physician were had by claimant. The repaired automobile driven by claimant arrived at North Platte in due time, and was delivered to the agent of the association, and claimant's injuries were further treated. A settlement was later had between the association and claimant, in which claimant received the $10 as his compensation agreed upon and also the amount to defray all the expenses of the trip, which included meals, transportation, hotel lodgings, and repairs to the car. . It did not include expenses incurred by claimant for services of physicians, necessitated as a result of the accident that occurred near Carlsbad, New Mexico, nor did it include compensation because of the injuries sustained by him.

The right to relief under the workmen's compensation act, in this case, depends on whether claimant is to be regarded as an employee or as an independent contractor. On this subject this court is committed to the doctrine: "There is no hard and fast rule by which to decide whether one is an employee or an independent contractor, but that relation must be determined from all the facts. in each particular case." *Cole v. Minnick*, 123 Neb. 871; *Showers v. Lund*, 123 Neb. 56.

Such facts we have already epitomized. The car was to be brought from El Paso to North Platte. The *termini* of the proposed journey were unalterably established by the terms of the contract. The price or compensation was a fixed sum for the performance of the job. It

was not in any manner dependent on or measured by the time required to complete it, or by the amount of labor performed by claimant. Neither was the right to terminate the contract reserved on behalf of or vested in either of the parties thereto. On the return trip the choice of highways, the time of commencing each day's travel, and all details of the journey were, under the contract, for the determination of claimant. We think the terms of the oral agreement and the circumstances above enumerated are sufficient to sustain the finding of the trial court that claimant, when injured, was an independent contractor and not an employee. We deem that as applied to the facts of this case the controlling rule is that one who contracts with another to do a specified piece of work for him, as distinguished from work in general, to be paid for by a lump sum rather than by compensation measured by time devoted to the work, without being subject to control of the employer as to details of means and methods to be followed, but only as to the result of the work, under the terms of an agreement which neither party may of his own volition terminate, has the status of an independent contractor. *Bodwell v. Webster,* 98 Neb. 664; *Showers v. Lund,* 123 Neb. 56; *Perham v. American Roofing Co.,* 193 Mich. 221; *See v. Leidecker,* 152 Ky. 724; *Taute v. J. I. Case Threshing Machine Co.,* 25 N. Dak. 102; *Matter of McNally v. Diamond Mills Paper Co.,* 223 N. Y. 83.

This conclusion is not affected by the fact that in the instant case the employer may have designated the time when the work should be started, stipulated and given warning on the subject of speed limits, and as to driving after dark, and provided that a certain route in going from North Platte to El Paso was to be followed. *Omaha Bridge & Terminal R. Co. v. Hargadine,* 5 Neb. (Unof.) 418; *Gall v. Detroit Journal Co.,* 191 Mich. 405; *St. Louis & S. F. R. Co. v. Madden,* 77 Kan. 80.

It follows that the determination of the district court is correct, and it is

AFFIRMED.