RALPH R. SCHOU, APPELLEE, v. VILLAGE OF HILDRETH, APPELLANT.

FILED NOVEMBER 9, 1934.   No. 29348.

*Cook & Cook* and *B. B. Webber,* for appellant.

*Stiner & Boslaugh* and *Leon Samuelson, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

DAY, J.

This is a compensation case.

One Schou was injured while working at a park and swimming pool belonging to the village of Hildreth. The first question for determination is whether Schou was an employee of the village or an independent contractor.

In 1933 plaintiff submitted the following document to the village board:

"Hildreth, Nebr., April 28, 1933.

"To the Village Board:

"My bid on the park and swimming pool job is: The receipts of the pool and $20 for the 3 months 15 cents per hour for extra work done before June 1st or after Sept. 1st.

"Ralph R. Schou."

The pool closed August 29, 1933. The accident occurred while plaintiff was mowing the park August 31, 1933. The village paid him 15 cents an hour for this work, done after the swimming pool was closed.

The contention of the village is that plaintiff was operating a business in the village park somewhat in the nature of a concession. That, in the operation, he opened and closed it when he wished and was not under the control or orders of the village. In a consideration of the evidence, we conclude that at all times the plaintiff was an employee of the village. The village owned the park and the pool.

They exercised control and domination over it. They required the mowing of the grass and trimming of trees, they approved the charge for swimming, they directed the draining and filling of the pool, they approved the hours for swimming and the opening and closing dates of the pool. The village furnished all the equipment and tools. The contract merely fixed the compensation at $20 for three months, plus the receipts of the pool.

Whether one is an "employee" or an "independent contractor" must be determined from facts of the particular case.

One engaged by a village to care for swimming pool and surrounding park, whose compensation is $20 for three months, plus receipts of pool, in view of general control of village, is an "employee" within workmen's compensation act. Comp. St. 1929, secs. 48-106 to 48-115. The fact that plaintiff was permitted to do the work in large measure in his own way does not change the relation. The right to control is the essential consideration rather than the exercise thereof. See *Cole v. Minnick,* 123 Neb. 871, where the employee had his own shop and his own tools but was subject to the control of the employer. See, also, *Showers v. Lund,* 123 Neb. 56, where the employee was hauling gravel on the highway and was compensated at so much a cubic yard of gravel hauled.

The trial court found the plaintiff had been earning $11 a week. The evidence substantially sustains this finding. The judgment is not erroneous.

AFFIRMED.