LEONARD A. REEDER, APPELLEE, V. KIMBALL LAUNDRY ET
AL., APPELLANTS.

FILED JUNE 14, 1935. No. 29526.

*Sackett & Brewster* and *Dean R. Sackett,* for appellants.

*Killen & Van Borkum, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and
CARTER, JJ., and RYAN, District Judge.

CARTER, J.

This is a suit under the workmen's compensation law.
The plaintiff, Leonard A. Reeder, recovered an award be-
fore the compensation commissioner from which an appeal
was taken to the district court. From a decree in favor of
the plaintiff, the defendant brings the case to this court on
appeal.

The only question involved is whether the plaintiff was
an employee of the defendant or an independent con-
tractor.

The plaintiff sustained a broken wrist in cranking his truck while hauling coal for the defendant. The evidence shows that for eight or nine years prior to the injury the plaintiff had done general draying and hauling for the defendant, including the hauling of coal, salt and trash. Plaintiff received 55 cents a ton for hauling coal, he furnishing his own truck and employing what extra help he required. The evidence was that whenever a car of coal arrived on track the plaintiff was called, informed of that fact and told where to put the coal. When the car was unloaded plaintiff was given a check for the full amount due him. The testimony shows that plaintiff hauled for other persons when not doing dray work for the defendant. Plaintiff contends that he was at all times under the absolute control of defendant while doing the work. We think that a fair interpretation of the evidence is that defendant directed plaintiff where to put the coal and saw to it that the contract was carried out as agreed. The plaintiff controlled all the details of the work. He determined the hours he should work, selected and paid his own helpers, he could haul the coal himself or employ others, and could work for others whenever he desired. After a car of coal was unloaded the defendant was under no obligation to give him work and he was under no obligation to work for the defendant. After plaintiff was employed to unload a car of coal, we believe, after a reading of the evidence, that he could not be discharged without liability on the part of the defendant. The only recourse defendant had was to refrain from engaging him in further jobs.

"The true test of a 'contractor' would seem to be, that he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. * * * In actual affairs an independent contractor generally pursues the business of contracting, enters into a contract with his employer to do a specified piece of work for a specific price, makes his own subcontracts, employs, controls, pays and discharges his own

employees, furnishes his own material and directs and controls the execution of the work. Where these conditions concur there is, of course, no difficulty in determining his character as such. It is only where one or more of them is lacking that a question arises. The one indispensable element to his character as an independent contractor is that he must have contracted to do a specified work and have the right to control the mode and manner of doing it." 1 Shearman and Redfield, Law of Negligence (6th ed.) 395, sec. 164.

In *Potter v. Scotts Bluff County*, 112 Neb. 318, this court said: "In the instant case it will be observed that the contract did not require the work to be performed by the contractors, but they might employ others to perform the work. No particular time was stipulated within which the work should be performed. The contractors or their employees could work to suit their own convenience; keep their own time; determine during what hours they should perform the work; determine what days they should or should not work; determine whether the gravel should be hauled by teams or motor trucks; determine the size of the loads and have control over all of the details of performing the labor. They were at liberty to hire as many men as they saw fit. They might have completed the work within a week or might have taken 60 to 90 days in which to do it. They were at liberty to determine the wages they would pay to the hired men, the price they would pay for teams, and were to furnish their own tools and equipment. On the other hand, while the contract specified that the work should be done subject to the instruction of the county highway commissioner, it is apparent that his only concern, or the county's concern, was in seeing that the proper kind and amount of gravel was evenly distributed over the highway. The county had no control over the men; could not hire or discharge them; could not determine the number who should be employed; could not determine how many teams should be operated; could not determine the hours of labor, the size of loads, or any of the other de-

tails. Under the circumstances, we are clearly of the opinion that plaintiff was not an employee of the county, but was an independent contractor." While we realize that the issue as to whether a workman is an employee, as distinguished from an independent contractor, should be determined from all the evidence, rather than from any particular feature of the employment, yet we feel that the above case has particular force in its application to the case at bar.

The rule that the relationship should be determined from all the evidence was well expressed in *Showers v. Lund,* 123 Neb. 56, as follows: "There is no hard and fast rule by which to decide whether one is an employee or an independent contractor, but that relation must be determined from all the facts in each particular case."

The plaintiff contends that the defendant, in instructing the plaintiff where to get the coal, where to put it and how to approach the coalbins, exercised such control as would make plaintiff an employee. In the case of *Petrow & Giannou v. Shewan,* 108 Neb. 466, this court said: "The giving of such instructions by the defendants, however, would not be inconsistent with the relationship of the plaintiff toward them as an independent contractor, since, were he an independent contractor, the defendants would have had the right to instruct him as to what had to be done, so as to secure the fulfilment of their contract. This could be and was done in this case, without in any way interfering with the plaintiff's right to perform the contract in whatsoever manner or by what method he chose." The evidence in this case clearly sustains the claim of the defendant that the instructions given were those necessary only to secure the fulfilment of the contract.

In *Norton v. Day Coal Co.,* 192 Ia. 160, the applicant owned a team and wagon with which he carried on a hauling business; the defendant, a coal company, engaged the applicant on such occasions as he applied for work and the company had coal to haul; the applicant was paid by the load, could discontinue work whenever he liked, could haul

coal for competitors of the company, and the company could not discharge him, but could merely decline to give him further employment; the applicant had complete control over the manner of doing the work, being responsible only for the ultimate result of properly delivering the coal to such consignees as the foreman of the company directed. The court held the applicant to be an independent contractor, and not an employee, the court saying: "Norton is not an employee, within the act, because there was no right to discharge him, and the right to discharge for misconduct or disobedience is an essential test. * * * There was no right to discharge, because, as said, claimant had virtually the status of a drayman. Plaintiff could not tell, when he came, whether he would get any work. He was not obliged to accept any that was offered. He was at all times at liberty to haul for others, rather than defendant. The most that could be done was to refrain from giving him coal to deliver. The only power the defendant had was to elect whether he should be given work, and how long it should continue. There was the right to interrupt or terminate the contract, but not to discharge." The plaintiff in the case at bar was a drayman engaged in an independent occupation as such. Under all the evidence and circumstances of this case, we are of the opinion, and so hold, that plaintiff was an independent contractor, rather than an employee.

The plaintiff relies upon *Showers v. Lund, supra,* and *Cole v. Minnick,* 123 Neb. 871. In *Showers v. Lund, supra,* it is clear that the employer had full control over the detail of the work and that plaintiff was devoting his entire time to the business of the employer. The fact that plaintiff in that case was paid by the number of yards of gravel that he hauled becomes less important when it appears that the details of the method of accomplishing the purpose of the employment were under the control of the employer. It is also apparent that the plaintiff in that case did not agree to perform a specific piece of work or to complete a specific job. In *Cole v. Minnick, supra,* the court in the

opinion concluded that the right to supervise and direct the work remained with the employer and that the employer had the right to terminate the employment without liability. These tests, if supported by the evidence, would sustain the finding that the workman was an employee. The court, however, in their opinion say that the case upon its facts is a border line case. To say the least, from the facts set out in the opinion, this case has extended the rules of law of this state to the very maximum in holding the plaintiff to be an employee, instead of an independent contractor. Under the evidence in the case at bar, neither of these cases can sustain the contention of plaintiff. In the final analysis, the plaintiff was a drayman, engaged in an independent occupation as such. His contract was to perform a certain specific job, using his own equipment, hiring his own assistants, and directing the detail of the work. After the job was completed, he was paid for the whole job, irrespective of the time taken or the number of men hired to complete it. In carrying out this arrangement, his status is fixed as that of an independent contractor.

In our opinion, no other finding than that the plaintiff was an independent contractor can be sustained. Where the evidence clearly shows, without question, that the claimant under the workmen's compensation law is in fact an independent contractor, and not an employee, a contrary finding by the trial court cannot be sustained.

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.