CLARENCE M. PETERSON, APPELLEE, V. I. G. CHRISTENSON, DOING BUSINESS UNDER THE TRADE-NAME OF GAGE COUNTY HATCHERY, APPELLANT.

3 N. W. (2d) 204

FILED MARCH 20, 1942. No. 31339.

*Chambers, Holland & Locke,* for appellant.

*Vasey & Mattoon, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

This is a workmen's compensation case. It presents the sole question, was the plaintiff an independent contractor or an employee of the defendant? Trial was had to one judge of the compensation court who held that plaintiff was an independent contractor and dismissed plaintiff's petition. Rehearing was waived and an appeal was taken to the district court and trial had. That court held he was an employee. The question is now presented to this court subject to the statutory provision that the judgment of the district court may be set aside only upon the ground "That the findings of fact are not conclusively supported by the evidence * * * and if so found, the cause shall be considered *de novo* upon the record." Comp. St. Supp. 1941, sec. 48-174.

The facts are not difficult nor in serious dispute. Plaintiff is a "cement finisher and common laborer." Defendant had a business building which he was redecorating. There was a small piece of plaster off on the inside and also a few places outside under the marquee that needed patching. Defendant says plaintiff came by and suggested that he (plaintiff) plaster these places. Plaintiff says that as he was passing the building the defendant asked him to do the plastering. In any event, plaintiff agreed to return the next morning and do the job. Nothing was said as to pay, etc. The next morning plaintiff came to the job with his tools. Defendant asked what materials were necessary. Together plaintiff and defendant went to the lumber yard, got the materials, which were charged to the defendant, and returned to the building. Defendant furnished a stepladder, bucket and water. Plaintiff mixed the materials. Defendant told plaintiff to do the inside job first, which he did. He then went outside, and while working there the ladder slipped, and plaintiff got some lime in his eye. A friend suggested a first aid remedy which was applied. Defendant then advised plaintiff to go to a doctor, naming him; he was not known to plaintiff. Plaintiff went to the doctor and was treated. Plaintiff did not agree to pay and did not pay the doctor. The record does not show who agreed to pay the doctor or whether or not he was paid. The amount of his bill was stipulated.

Plaintiff had previously done work for the defendant for which he submitted bills and was paid on the basis of a certain amount an hour. Plaintiff says he expected to submit a similar bill for this work, but had not done so at the time of the trial. Plaintiff did not finish the job nor have it finished. The job, had it been completed, would have taken about one and one-half hours to perform.

Defendant argues that an employer, under such circumstances as these, ought not to be responsible under the compensation act. That is not a question for the court but for the legislative body to decide.

The statute is broad. Leaving out language not necessary

here, an employer is defined as one "who is engaged in any trade, occupation, business or profession * * * and who has any person in service under any contract of hire, express or implied, oral or written * * *." Comp. St. 1929, sec. 48-114. An employee is defined as "Every person in the service of an employer" as above described under such a contract.

This court has on a number of occasions undertaken to define an independent contractor as distinguished from an employee. In *Petrow & Giannou v. Shewan,* 108 Neb. 466, 187 N. W. 940, we said: "The issue as to whether or not a workman is an employee, as distinguished from an independent contractor, is to be determined from all the facts in the case. There is no single test by which that determination can be made. An independent contractor is generally distinguished as being a workman who is independent in his employment; one who contracts to do a particular piece of work according to his own method, and is not subject to the control of his employer, except as to the results of his work. He is not in such a case a servant of his employer; nor can he be controlled by the employer in the manner of doing the work, except to the extent that the employer has the right to give such directions as may be found necessary to insure compliance with the contract."

Again, in *Reeder v. Kimball Laundry,* 129 Neb. 306, 261 N. W. 562, we quoted with approval the following from a text: "The true test of a 'contractor' would seem to be, that he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. * * * In actual affairs an independent contractor generally pursues the business of contracting, enters into a contract with his employer to do a specified piece of work for a specific price, makes his own subcontracts, employs, controls, pays and discharges his own employees, furnishes his own material and directs and controls the execution of the work. Where these conditions concur there is, of course, no difficulty in determining his character as

such. It is only where one or more of them is lacking that a question arises. The one indispensable element to his character as an independent contractor is that he must have contracted to do a specified work and have the right to control the mode and manner of doing it."

Again, in *Prescher v. Baker Ice Machine Co.*, 132 Neb. 648, 273 N. W. 48, we said:

"Whether the deceased was an employee or an independent contractor cannot be decided by a hard and fast rule. The relationship can only be established by a consideration of the facts and circumstances of the case. *Showers v. Lund*, 123 Neb. 56, 242 N. W. 258. An independent contractor usually enters into a contract to do a specified piece of work for a specific price; makes his own subcontracts; employs, controls, pays and discharges his own employees; furnishes his own tools and materials; and directs and controls the execution of the work. As we said in the case of *Reeder v. Kimball Laundry*, 129 Neb. 306, 261 N. W. 562, where these conditions concur, there is no difficulty in determining his character as such. It is only when one or more of these conditions do not exist that a question arises.

"The one indispensable element to his character as an independent contractor is that he must have contracted to do a specified piece of work for a specific price."

This last above quoted sentence is an apparent restriction of the rule announced in the preceding statement and in prior decisions. It is modified to the extent necessary to harmonize with our prior holdings.

We have repeatedly stated the rule that whether the workman was an employee or an independent contractor cannot be decided by a hard and fast rule. The relationship can only be established by a consideration of the facts and circumstances of the case. See *Petrow & Giannou v. Shewan, supra; Showers v. Lund*, 123 Neb. 56, 242 N. W. 258; *Cole v. Minnick*, 123 Neb. 871, 244 N. W. 785; *Standish v. Larsen-Merryweather Co.*, 124 Neb. 197, 245 N. W. 606; *Schou v. Village of Hildreth*, 127 Neb. 784, 257 N. W.

70; *Reeder v. Kimball Laundry, supra; Lowe v. Chicago Lumber Co.,* 135 Neb. 735, 283 N. W. 841.

There is, of course, no one fact upon which the decision turns, but we may get some aid in reaching the right conclusion by reference to some of the things which enter into the determination of whether a workman is an independent contractor or an employee.

There was no specific agreement as to the compensation to be received. However, one may properly be implied from the previous relationship between the plaintiff and the defendant, testified to by the plaintiff and not denied by the defendant. The evidence supports a holding that there was an implied condition of the contract that plaintiff was to be paid for his labor at the rate of 65 cents an hour. The amount of his compensation would depend upon, not the completion of the job, but the length of time required to perform the job. This is indicative of an employee status. *Showers v. Lund, supra.*

The amount of work to be done was clearly understood by both parties. The fact that no price was set upon the work is indicative of an employee relationship. Nothing was said when the employment was agreed upon as to who was to furnish the material to be used. There was nothing unusual in the kind of material necessary. The defendant personally took the plaintiff to the lumber yard to purchase the material and deliver it to the premises. The defendant directed the execution of the work to the extent of instructing plaintiff to do the inside work first, for a reason that was of benefit to the defendant. Plaintiff, a skilled workman, did the work as he thought it ought to be done. There is no evidence that defendant was ignorant as to how the work should be done, or directed it to be done otherwise. In the only instance where the evidence shows that defendant directed plaintiff as to the manner of doing the work, plaintiff obeyed defendant's instructions. "The right to supervise and direct the work, if found to exist in the employer, indicates that the workman is an employee." *Cole v. Minnick, supra.* Here de-

fendant shows that he had the right and did direct the work so far as determining what part should be done first. The fact that defendant did not tell plaintiff "what tools to use or how to use them" does not alter the situation. *Cole v. Minnick, supra.* Defendant stresses the fact that plaintiff was a skilled workman and seems to conclude that a different rule should apply when determining whether or not a skilled workman is an employee than applies to an unskilled workman. It is true that a skilled workman may be employed because of his particular ability to go ahead and do work for which he has been trained. That fact implies an understanding that he should do the work according to his skill, with less or no direction, but it does not change him from an employee to a contractor.

There is no evidence here as to the defendant's right to discharge the plaintiff. The very meagerness of the job probably made that unnecessary.

Defendant argues that the case of *Petrow & Giannou . v. Shewan, supra,* is controlling on its facts and statements of the law and if followed would result in a judgment for the defendant. We do not agree. It may be pointed out that in the *Petrow* case the parties themselves apparently construed their status as that of independent contractors. The contrary conclusion is indicated in the instant case. There defendant looked to plaintiff to complete the job; here he did not. There the plaintiff furnished a substitute to complete the job; here he did not. Here the defendant sent the plaintiff to a doctor of defendant's choice. That may have been the act of a good Samaritan, but it is likewise an act consistent with the status of an employer liable to an employee under the compensation act. There defendant did not understand the manner in which plumbing should be done. Here there is no indication that defendant did not understand the manner in which plastering should be done, but on the contrary that knowledge is indicated in the selection of a materialman and the securing of material. There control was not exercised; here it was. There plaintiff was to furnish the materials.

Here defendant furnished the materials. The cases are not analogous on the facts and indicate the reason for the rule that each case must be determined on its own facts and circumstances.

We are in accord with the conclusion reached by the trial court. The plaintiff is allowed an attorney's fee of $100 for the service of his attorney in this appeal.

The judgment of the trial court is

AFFIRMED.