FRANK RIGGINS, APPELLEE, V. LINCOLN TENT & AWNING COMPANY: ROBERT B. ELROD ET AL., APPELLANTS.

11 N. W. (2d) 810

FILED NOVEMBER 19, 1943. No. 31672.

*John S. Bishop* and *J. A. Brown,* for appellants.

*Baylor, TouVelle & Healey, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an action to recover benefits claimed to be due under the workmen's compensation law growing out of an accident to plaintiff during his employment by the defendant August Schreiber. The trial court entered judgment for plaintiff against the defendants Schreiber and Elrod. The defendants appealed.

The record shows that on May 17, 1941, the defendant Schreiber entered into a written contract with the Lincoln Tent & Awning Company to build automobile trailers. On or after December 14, 1941, the Lincoln Tent & Awning Company was dissolved and the defendant Elrod assumed all the obligations of the corporation. The contract between Schreiber and the Lincoln Tent & Awning Company provided that Schreiber was to carry compensation insurance on all employees, which he failed to do. The liability of Elrod is based on his assumption of the liabilities of the Lincoln Tent & Awning Company and the failure of that company to require Schreiber to obtain compensation insurance.

Plaintiff was engaged by Schreiber in June, 1941, to paint the trailers manufactured by Schreiber under his contract with the Lincoln Tent & Awning Company. The nature of the arrangement made between Schreiber and plaintiff is the principal question to be determined in this controversy. It is the theory of plaintiff that he was an employee of Schreiber, while the defendants claim that he was an independent contractor.

The evidence of Schreiber is that he told the plaintiff that "I would give him $2.50 a trailer to paint the trailers and we would furnish all the equipment and all the paint." It is established by the evidence that the arrangement made had no definite time within which it was to be performed and specified no particular number of trailers to be painted. At the direction of Schreiber plaintiff painted some trailers not manufactured by him and received $2 to $3 for each, depending upon their size and condition. On one or two occasions plaintiff was directed by Schreiber to do sanding and varnishing inside a trailer for which he was paid 40 cents an hour. There is evidence that plaintiff painted on jobs in which Schreiber had no knowledge or concern. The evidence further shows that Schreiber instructed plaintiff as to the color of the paint to be used and the number of coats to be applied. Defendant Schreiber informed plaintiff when trailers were available for painting and the time when each

was required to be completed. The work was all done in the factory operated by Schreiber. Plaintiff was paid in cash each Saturday night for the work that had been done during the week. Social security payments were deducted by Schreiber from the amounts owing plaintiff. Defendant Schreiber testified that he could terminate his relationship with plaintiff at any time by merely telling him to quit.

In *Reeder v. Kimball Laundry*, 129 Neb. 306, 261 N. W. 562, we discussed the meaning of the term independent contractor in the following language: " 'The true test of a "contractor" would seem to be, that he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. * * * In actual affairs an independent contractor generally pursues the business of contracting, enters into a contract with his employer to do a specified piece of work for a specific price, makes his own subcontracts, employs, controls, pays and discharges his own employees, furnishes his own material and directs and controls the execution of the work. When these conditions concur there is, of course, no difficulty in determining his character as such. It is only where one or more of them is lacking that a question arises. The one indispensable element to his character as an independent contractor is that he must have contracted to do a specified work and have the right to control the mode and manner of doing it.' " See, also, *Prescher v. Baker Ice Machine Co.*, 132 Neb. 648, 273 N. W. 48; *Peterson v. Christenson*, 141 Neb. 151, 3 N. W. (2d) 204.

It will be readily observed from an examination of these authorities that the question whether the plaintiff was an employee or independent contractor cannot be decided by the application of a general rule; it can be determined only from a consideration of the facts and circumstances of each case as they arise. In this respect the following facts tend to establish that plaintiff was an employee: The equipment and materials were furnished by the defendant Schreiber. *Prescher v. Baker Ice Machine Co., supra.* There was no

definite time fixed within which the work was to be performed and no particular number of trailers were specified to be painted. *Showers v. Lund,* 123 Neb. 56, 242 N. W. 258. The contract of employment was oral and subject to termination at the will of either without liability therefor. *Standish v. Larsen-Merryweather Co.,* 124 Neb. 197, 245 N. W. 606. The fact that plaintiff's services were not continuous and that it was contemplated that plaintiff might engage in other work is not necessarily inconsistent with plaintiff's status as an employee. *Cole v. Minnick,* 123 Neb. 871, 244 N. W. 785. Nor does the fact that an employee furnishes some or all of the tools required necessarily convert him from an employee into an independent contractor. *Claus v. DeVere,* 120 Neb. 812, 235 N. W. 450. The fact that Schreiber deducted social security tax from plaintiff's earnings is evidence of the fact that plaintiff was an employee. *Carter v. Hodges,* 175 Tenn. 96, 132 S. W. (2d) 211. The fact that the work was to be performed on the premises of the party engaging his services is some evidence of an employer-employee relationship. *Dobson's Case,* 124 Me. 305, 128 Atl. 401.

The defendants contend that the fact that plaintiff was paid $2.50 a trailer is strong evidence that plaintiff was an independent contractor. We are of the opinion that the payment of wages on a piece or quantity basis is not inconsistent with the status of an employee. A pieceworker, cutting trees at the rate of 10 to 20 cents a tree according to size and included in the biweekly payroll, was held an employee in *Ex parte W. T. Smith Lumber Co.,* 206 Ala. 485, 90 So. 807. So, also, was one who cut wood at a specified price per cord. *Estate of Cowell,* 167 Cal. 222, 139 Pac. 82. And in *Johnson v. Department of Industrial Relations,* 101 Cal. App. 1, 281 Pac. 440, it was held that a workman, paid wages by piece or quantity, comes within the provisions of the workmen's compensation law the same as if he had been paid by the day. See, also, *Cangreme v. Alberta Coal Mining Co.,* 7 Butterworths' W.C.C. 1020; *Gilyard v. O'Reilly,* 4 La. App. 498; *McKinstry v. Guy Coal Co.,* 116 Kan. 192,

225 Pac. 743; *New York Indemnity Co. v. Industrial Accident Commission,* 80 Cal. App. 713, 252 Pac. 775.

We conclude that plaintiff was subject to the control of Schreiber and could be discharged by him at any time without liability. These facts, together with the evidence hereinbefore shown, establish the plaintiff as an employee within the meaning of the workmen's compensation law.

The defendant Elrod, as the successor of the Lincoln Tent & Awning Company, is liable under the workmen's compensation law because of his failure to require Schreiber, an independent contractor, to carry compensation insurance. *Hiestand v. Ristau,* 135 Neb. 881, 284 N. W. 756.

It is contended by defendants that plaintiff was injured by falling from the top of a trailer as a result of playfully kicking at one Samuel Twing, a fellow employee, and that the accident did not therefore arise out of and in the course of the employment. We have examined the record and are convinced that the evidence is insufficient to sustain such defense.

Defendants contend that plaintiff's claim was settled by defendant Schreiber by paying $100 to the plaintiff. The alleged settlement was never approved by the workmen's compensation court and, consequently, it is ineffective to defeat plaintiff's claim. Comp. St. 1929, secs. 48-136, 48-141. See, also, *Zurich General Accident & Liability Ins. Co. v. Walker,* 128 Neb. 327, 258 N. W. 550; *Duncan v. A. Hospe Co.,* 133 Neb. 810, 277 N. W. 339.

Defendants urge that the award is not supported by the evidence. We think the evidence will support a finding that plaintiff was earning $12.50 a week. The evidence also shows that plaintiff suffered temporary total disability for a period of 26 weeks and a 40 per cent. partial permanent disability. The award of the district court was properly calculated on this basis under the provisions of section 48-121, Comp. St. 1929, less a payment of $100. Medical and hospital bills were also properly allowed.

We have found no prejudicial error in the award of the district court. An attorneys' fee of $100 is allowed plain-

tiff's attorneys for services performed in this court. The judgment of the district court is affirmed.

AFFIRMED.

YEAGER, J., participating on briefs.