MYRTLE E. CHRISTENSEN, APPELLANT, V. PROTECTOR SALES
COMPANY, APPELLEE.

FILED DECEMBER 23, 1920.  No. 21582.

Master and Servant: WORKMEN'S COMPENSATION: REVIEW. "On appeal
from the district court to the supreme court in a workmen's com-
pensation case, findings of fact supported by sufficient evidence
and findings of fact on substantially conflicting evidence will not
be reversed unless clearly wrong." *American Smelting & Refining
Co. v. Cassil*, 104 Neb. 706.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Affirmed.*

*B. N. Robertson,* for appellant.

*Brome & Ramsey* and *Joseph P. Uvick, contra.*

MORRISSEY, C. J.

Plaintiff appeals from a judgment of the district court
for Douglas county denying a recovery under the work-
men's compensation act (Rev. St. 1913, ch. 35) for the
death of her husband, Alex C. Christensen.

November 22, 1919, Alex C. Christensen entered into a
verbal agreement with defendant whereby he undertook
to sell defendant's products to the retail trade on a commis-
sion basis.  Under this agreement Christensen was assigned
a territory, and, November 24, 1919, he called at defend-
ant's office and was given an advancement of $40.  He was
furnished with samples of the goods he was to sell and with
advertising matter.  He at once went into his territory and
on the same day took two orders for merchandise.  On the
morning of the second day, while traveling by automobile
between two towns within his territory, he was accidently
killed.

The issue involved is whether at the time Christensen
met his death he was an employee of defendant within the
contemplation of the workmen's compensation act. The dis-
trict court found that he was not such employee. In *Ameri-*

*can Smelting & Refining Co. v. Cassil,* 104 Neb. 706, it is said: "On appeal from the district court to the supreme court in a workmen's compensation case, findings of fact supported by sufficient evidence and findings of fact on substantially conflicting evidence will not be reversed unless clearly wrong." In the instant case there is no conflict in the evidence. We have therefore to determine whether there is sufficient evidence to support the finding of the trial court. It is admitted that the verbal contract was made, and that Christensen was in his territory selling goods on commission at the time he met with the accident that caused his death. Plaintiff, in order to prove that decedent was an employee of the defendant within the terms of the statute, shows that he entered into this agreement to sell defendant's products, to be compensated therefor by a commission of 10 per cent. on the total sales; that defendant had other salesmen working under a similar agreement, each assigned to a separate territory, and was endeavoring to engage other salesmen to take over other territory; that the company had advanced $40, which was charged against commissions yet to be earned, and that this seemed to have been the practice, it being shown that a similar advance had been made to another salesman; that the deceased was engaged in no other line of work and was carrying samples of defendant's merchandise and advertising matter furnished by defendant. There is also recited a telephone conversation between the undertaker at Genoa, where Christensen died, and the manager of defendant company. According to the testimony, the undertaker called the manager of the defendant company, informed him of Christensen's death, and was directed by defendant's manager to furnish a casket and prepare the body for shipment. The undertaker also testified that defendant's manager said: "We will see that you get your money. * * * Mr. Christensen just began to work for us. This is his second day out for us, as he just started to work." It is also pointed out that the contract was silent as to the length of time it should run; that there

was no agreement as to any definite amount of work; that he was required to make daily reports of sales made by him; all orders were taken subject to the approval of the defendant, and defendant fixed the price at which the goods were to be sold, as well as the terms of payment; and defendant's manager knew that Christensen was going into the territory assigned to him.

The foregoing is in substance the facts and circumstances on which plaintiff relies to show that Christensen was an employee of defendant within the meaning of the statute. It is argued that the contract is in law one of general employment, creating the relationship of master and servant, and that under its terms defendant retained the right to direct and control Christensen as to the time and manner of executing his work.

Generally, to determine whether the relationship of employer and employee exists, it is necessary to determine the right of the employer to control the manner and method in which the service shall be rendered. This ordinarily includes the right to determine the hours of service and to have the exclusive right to the time demanded. In the instant case Christensen was not required to render service any particular day or to travel in any special manner or, in fact, to travel at all. He might devote every day of the week to the sale of defendant's products or he might let days go by without doing any act whatever in relation to his contract. Nor was he required to render the service personally. He was paying his own expenses; and he was not obligated to take orders for any specified quantity of defendant's goods. Defendant had no right to dictate to the salesman in relation to the method of transportation which he would employ. The relationship existing between these parties may be likened to that between insurance solicitors and their companies. When day dawns the agent is free to work or play. If he idles away the day, he does so at his own loss. The company has the right only to revoke the agency agreement. Christensen was free to make his sales by writing letters to the dealers within

his territory; he might have called them by telephone, or he might have employed subagents. He was the master of his own acts, and his compensation depended solely upon the results obtained.

Under the facts disclosed, it cannot be said that the finding of the trial court is not supported by sufficient evidence, and the judgment is

AFFIRMED.