SWIFT & COMPANY, APPELLANT, V. FOY S. PRINCE, APPELLEE.

FILED JUNE 23, 1921. No. 21998.

1. **Master and Servant:** WORKMEN'S COMPENSATION: APPEAL: CONFLICTING EVIDENCE. Where the district court in a workmen's compensation case finds, on substantially conflicting evidence, that the employee was injured in a particular manner, such finding of fact will not be reversed on appeal unless clearly wrong.

2. ———: ———: PENALTY. *Held,* that a reasonable controversy existed in this case between the employer and the employee as to liability for compensation, and that the employer is not liable for 50 per cent. penalty added for waiting time for delinquent payments.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE.  *Affirmed in part, and modified in part.*

*Gurley, Fitch, West & Hickman,* for appellant.

*T. J. McGuire, contra.*

Heard before MORRISSEY, C.J., ALDRICH, FLANSBURG and ROSE, JJ., BEGLEY and LESLIE, District Judges.

BEGLEY, District Judge.

This is a proceeding under the workmen's compensation act.  On December 11, 1919, Foy S. Prince was employed by Swift & Company as demurrage clerk, doing special work out of the superintendent's office, receiving as his wages the sum of $27.50 a week, and on said date he received personal injuries causing the second vertebra of his neck to be broken.  He applied for and received an award of compensation from the compensation commissioner of the state of Nebraska.  From this award Swift & Company appealed to the district court, where it filed a petition admitting the relationship of employer and employee; that both were bound by the workmen's compensation act; and that defendant received an injury on December 11, 1919, while engaged in the employ of Swift & Company, consisting of the fracture of the second vertebra of his neck; and further alleging that "said injury was caused by the defendant engaging in fooling, scuffling and horseplay with one McLaughlin, all of which was not a part of nor incident to said defendant's employment; and plaintiff contends that said injuries did not occur in the course of nor arise out of defendant's employment, and therefore he cannot recover compensation under aforesaid law." Defendant filed an answer in which he alleged that an injury was received while in the course of and arose out of his employment; that plaintiff had notice of same, and told defendant and others that it would compensate defendant therefor.

The district court found that Prince sustained his injury

as the result of an accident arising out of and in the
course of his employment, and that at the time he sus-
tained such injury he was not engaged in any playful or
sportive acts of any kind with any person, and that he had
no knowledge of any playful or sportive acts being perpe-
trated, and awarded him compensation in the sum of $15
a week for 300 weeks and 45 per cent. of his wages, or $12
a week for the remainder of his life, all medical and hos-
pital expenses provided by law, $7.50 a week from the 11th
day of December, 1919, to the date of the decree, February
18, 1921, being a 50 per cent. penalty added for waiting
time, and $600 for attorney fees. Swift & Company has
now brought the case to this court for review.

It will be noted that the question to be determined is
primarily one of fact as to how the injury occurred. The
defendant testified that his duties were watching and
taking the temperature of meat in various cooling-rooms
and inspecting cars for loading as to temperature, icing,
etc.; that his headquarters *was* in the checkers' office,
which was a room adjoining the shipping-room with a door
opening between; that he was using a thermometer and a
flashlight for the purpose of his work, which he kept in
the shipping-room for safe-keeping; that both rooms were
poorly lighted, and on the morning in question he went
from the shipping-room into the checkers' office, when he
discovered he did not have his flash-light, and turned to
go back to the shipping-room to get it, when he "bumped"
into one James L. McLaughlin, a government meat in-
spector, whose duties required his presence in and about
the shipping and checking-rooms; that he does not re-
member what happened after that, and when he recovered
consciousness McLaughlin was assisting him to arise;
that there was no wrestling, scuffling, or horse-play, or
anything of that nature with McLaughlin or any one else
on that day; that he was thereupon taken to a hospital
where an X-ray examination showed that the second
vertebra of his neck was broken, which is a permanent in-
jury. His testimony is corroborated by that of McLaugh-

lin.  Two employees of the company who were present at
the time testified that there was no wrestling, scuffling,
or horse-play, or anything of that nature, at the time of
the accident.  One employee who was present testified
that Prince and McLaughlin were scuffling; but he was at
work, with his back turned, and did not see the accident.

Appellant claims to have successfully impeached the
testimony of Prince and McLaughlin by the introduction
of written statements signed by them, in which they stated
that at the time of the accident they were engaged in
scuffling and fooling, and also by evidence of oral state-
ments to the same effect made by Prince.  Prince and
McLaughlin explained the circumstances attending the
signing of the statements by testifying that they were
prepared by the attorney for Swift & Company, and upon
being presented to them for signature they objected to the
statements, and both were induced to sign on the repre-
sentation of the attorney for Swift & Company that it was
merely a plant record and a matter of form for the benefit
of the Chicago office; that Prince had always been a re-
liable and trustworthy employee, and that Swift & Com-
pany would do what was right by him, and that he had
nothing to worry about; that after signing said state-
ment Prince was paid $15 a week for 13 weeks by Swift &
Company, which he supposed was compensation, but, upon
the hearing before the compensation commissioner,
learned that the same was from some welfare fund of the
company.  Prince also denied making any oral state-
ments except in the office of Dr. Lord, to whom he was
sent by Swift & Company after making the written state-
ment to them.  If this evidence is to be believed, the
writings signed by the witnesses are of little or no value.

The trial court saw the witnesses and heard their testi-
mony, and its findings, upon conflicting evidence, should
not be disturbed.  It is the rule in cases of this kind that
findings of fact, supported by sufficient evidence, or find-
ings of fact on substantially conflicting evidence, will not
be reversed unless clearly wrong.  *American Smelting & Re-*

*fining Co. v. Cassil,* 104 Neb. 706; *Christensen v. Protector Sales Co.,* 105 Neb. 389.

The appellant further urges that the court erred in finding that Prince was entitled to recover $7.50 a week from December 11, 1919, to the date of the decree, on the ground that there was a reasonable controversy between the parties hereto, and with this contention we are inclined to agree. Where the appellee furnishes a written statement over his own signature which shows that no liability is attached by reason of the accident, the same furnishes a reasonable ground for the employer to withhold payment of compensation and to have that statement tested in a court of competent jurisdiction.

Objection is also made as to the amount of allowance for attorney fees, but the same is not so disproportionate to the services rendered as to cause a reversal. The findings and awards of the district court are therefore affirmed in all instances, except the finding and awarding Prince $7.50 a week from December 11, 1919, to February 18, 1921, which is set aside, and the proceedings remanded, with direction to the district court to reform the decree to comply with these views.

AFFIRMED IN PART AND MODIFIED IN PART.