·FRANK JOHNSTON, APPELLEE, V. BEN H. SMITH,
APPELLANT.

FILED JULY 29, 1932.   No. 28245.

*Brome, Thomas & McGuire* and *G. H. Seig,* for appellant.

*O. M. Olsen, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY,
JJ., and DICKSON and TEWELL, District Judges.

TEWELL, District Judge.

This action was brought under the workmen's compensation act.   The plaintiff, Frank Johnston, recovered an award before the compensation commissioner, and the defendant filed his petition on appeal in the district court for Douglas county, where a decree was entered allowing compensation.   The defendant appeals to this court.

. One question presented is that of whether or not the plaintiff was an employee of the defendant at the time of the injury.   At the trial in the district court witnesses for the plaintiff only were examined, the defendant offering no witnesses.   The evidence is without substantial conflict.

The defendant conducts a business at Omaha, Nebraska, under the name of Western Advertising Association.   In

February, 1931, the plaintiff and the defendant entered into an oral agreement, whereby the plaintiff was to sell newspaper advertising to banks and building and loan associations for the defendant upon a strictly commission basis of 25 per cent. of the gross amount of his sales. The plaintiff paid his own expenses and furnished his own automobile. During a short period of time after the agreement the plaintiff called upon prospective customers at Valley, Council Bluffs, and places near Omaha, for the reason, he says, that he then had no car. After purchasing an automobile the plaintiff worked in towns in Iowa, came back to Omaha for the week-end, and then went to southern Minnesota, working in two or three towns in Iowa on his way to Minnesota. The plaintiff testifies that the defendant directed him to call upon certain prospective customers that he did call upon while working near Omaha, and furnished the plaintiff with a list of prospective customers in southern Minnesota. If a sale was made by the plaintiff, he, by the terms of the agreement, collected a portion of the sale price and remitted all collected to the defendant, and the defendant looked after collection of the balance. The plaintiff was required to report all sales to defendant. At the various towns visited the plaintiff says he called upon those customers from whom he thought he might secure an order. Two letters from the defendant to plaintiff written while the plaintiff was engaged as such salesman are in evidence and are what might be called letters of encouragement. These contained suggestions relative to securing business, such as calling upon bankers at their homes or going into the side door of the bank just after banking hours. One of these letters tells of an order secured by another salesman for $2 a week and says that the salesman had said that "if he had had the guts to say $4 he would have gotten it." Apparently the salesman had some discretion in fixing the price for which the advertisement would be furnished. The defendant furnished the plaintiff with supplies for taking orders, and assigned him southern Minnesota as a territory in which to work. The plaintiff re-

ported his whereabouts to the defendant, according to the plaintiff, from one to three or four times a week. He was supposed to report the names of persons and concerns upon whom he called, even though no sale was made, especially of those who gave promise of later giving an order, presumably to allow the plaintiff to follow up by letter. Apparently the plaintiff chose the manner in which he worked, the persons upon whom he would call, his hours of labor, and to what towns in his territory he should go. He was free to quit when he chose and the defendant was free to terminate the relationship between them when he chose. The terms of the contracts written with customers secured or who were the parties thereto are not shown by the evidence.

On April 23, 1931, while driving his car from Sleepy Eye, Minnesota, to Sanborn, Minnesota, to call upon banks at the latter place, the plaintiff was injured on account of his car striking some loose gravel and going into a ditch.

Under cases heretofore decided there seems to be no single test as to what kind of an agreement will constitute one an employee within the workmen's compensation act. The measure or method of payment, who it is that selects the place and hours of labor, the particular plan of the work and liability for wrongful failure to properly perform it are often significant, though not necessarily controlling. Generally, the questions of whether or not the alleged employee, by the terms of the agreement, is understood to retain the right to direct the manner and method of the work as it proceeds, and what work shall be done and what not done, are important factors in determining whether or not the one doing the work is an employee. The plaintiff having undertaken to obtain contracts for advertising for no other remuneration than a percentage of the gross amount of the contracts, to pay all of his own traveling expenses, to choose his hours of labor, and to select the prospective customers upon whom he should call in his territory, without apparent right of the defendant to control his work, was not an employee within the mean-

ing of the workmen's compensation act at the time of his injury, even though he was assigned a territory in which to work and given a list of prospective customers and supplies with which to write the contracts. *Christensen v. Protector Sales Co.*, 105 Neb. 389; *Petrow & Giannou v. Shewan,* 108 Neb. 466; *Priest v. Business Men's Protective Ass'n,* 117 Neb. 198.

It is not necessary to decide the issues raised relative to the amount of compensation allowed for temporary total disability, relative to whether any permanent partial disability should have been allowed, and relative to whether the amount allowed for medical and hospital expenses was more than was justified by the evidence, since the plaintiff is not entitled to recover any compensation.

For reasons above stated, the decree of the trial court is reversed and this cause dismissed. All costs taxed to the plaintiff.

REVERSED AND DISMISSED.