ANNA PRESCHER, APPELLEE, V. BAKER ICE MACHINE COMPANY, APPELLANT.

273 N. W. 48

FILED APRIL 23, 1937. No. 30087.

*Brown, Fitch & West,* for appellant.

*Lawrence I. Shaw* and *William H. Thomas, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

CARTER, J.

This is a suit brought under the workmen's compensation law. The plaintiff, Anna Prescher, as a dependent, obtained an award of compensation in the district court on account of injuries suffered by and resulting in the death of her son, Arthur Prescher. From this award, defendant Baker Ice Machine Company appeals.

The only question necessary for our consideration is whether the deceased was an employee of the defendant Baker Ice Machine Company or an independent contractor.

The deceased sustained injuries resulting in his death while unloading a car-load of coal for the Baker Ice Machine Company. The evidence shows that on and prior to January 9, 1936, Rudolph Prescher, a brother of the deceased, was regularly employed by the Baker Ice Machine

Company. It appears that Rudolph Prescher learned that the Baker Ice Machine Company would soon have a car of coal to unload and he inquired of one Stender, the foreman in charge of the coal, if his brother Arthur could have the job of unloading. It also appears that he informed Arthur that evening that he might get the job of unloading the coal. The next day Arthur Prescher and W. H. King, a roomer at the Prescher home, went to the plant of the Baker Ice Machine Company and applied for the job of unloading the coal. Neither of them had previously worked for the defendant company. Stender, the foreman, gave them the job and told them that he would call them when the coal came in. It was also agreed that they were to receive 25 cents a ton for unloading the coal. On January 8 Stender notified them that the coal was in and that they could start work the next morning. On the morning of January 9, at 7 or 7:15 o'clock, they appeared at the plant of the Baker Ice Machine Company and the night watchman gave them the tools and planking necessary to carry on the work. Arthur Prescher received his injuries at or about 3 p. m. of the same day in an unknown manner but apparently by a fall.

Plaintiff contends that the deceased was an employee because of evidence tending to show that Stender, the company foreman, was directing the work. The evidence on this point shows that in the forenoon it became necessary to move the car and that Prescher and King were unable to do it with the means at hand. Stender sent a number of regular employees and a company truck to assist, and, upon their failure to move the car, called upon the railroad company to send a switch engine to move it. It also appears that after the accident Stender assisted in estimating the amount of coal unloaded, in order to determine the amount that Prescher had earned.

Defendant points out, however, that King and Prescher chose their own hours to work, which were different than those of the regular employees of the company; that after the accident King got one Heinze to help him complete the

job; that King and the deceased were not required to punch the time clock as were the regular employees of the company; and that they were not placed upon the pay roll of the company nor paid from the pay roll account of the company.

Whether the deceased was an employee or an independent contractor cannot be decided by a hard and fast rule. The relationship can only be established by a consideration of the facts and circumstances of the case. *Showers v. Lund*, 123 Neb. 56, 242 N. W. 258. An independent contractor usually enters into a contract to do a specified piece of work for a specific price; makes his own subcontracts; employs, controls, pays and discharges his own employees; furnishes his own tools and materials; and directs and controls the execution of the work. As we said in the case of *Reeder v. Kimball Laundry*, 129 Neb. 306, 261 N. W. 562, where these conditions concur, there is no difficulty in determining his character as such. It is only when one or more of these conditions do not exist that a question arises.

The one indispensable element to his character as an independent contractor is that he must have contracted to do a specified piece of work for a specific price. The agreement in the case at bar to unload one car of coal for 25 cents a ton provides this necessary element. In addition thereto, the evidence shows that King and Prescher fixed their own hours, controlled the method and means of doing the work, and, after the injury to Prescher, King engaged Heinze to help him complete the job. The assistance rendered by Stender and other employees of the company in helping to move the car does not indicate that the relationship of employer and employee existed. The interest of the company in assisting to spot this car was the same whichever relation may have existed between them. It is true, however, that the company furnished the tools and materials necessary to unload this car. While this is indicative of the existence of the relationship of employer and employee, it is in no sense controlling. It appears that, because of the location of the coal bin, it was necessary to use

certain planks and a wheelbarrow in unloading the coal. The company apparently kept this equipment available because of the peculiar situation. Under these circumstances, we cannot say that the furnishing of this equipment is of itself sufficient to establish the relation of employer and employee. It is quite apparent that the Baker Ice Machine Company was interested only in having this car of coal unloaded and not as to the manner and means of its accomplishment.

After a consideration of all the evidence in this case, we are convinced that the deceased was an independent contractor and not an employee. The trial court therefore erred in awarding compensation to the plaintiff.

REVERSED.