JOHN F. CURRY, APPELLANT, V. ELMER BRUNS, APPELLEE.

285 N. W. 88

FILED MARCH 31, 1939. No. 30470.

*McKillip & Barth, J. J. Thomas* and *Ivan A. Blevens,* for appellant.

*Matzke & Bek* and *T. R. P. Stocker, contra.*

Heard before EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

Plaintiff commenced this action to recover damages for personal injuries sustained as a result of an automobile collision alleged to have been caused by the negligence of the defendant. The jury returned a verdict for the plaintiff in the amount of $1,135. Judgment was entered on the verdict and plaintiff appeals.

The record discloses that on March 19, 1937, the plaintiff took his automobile to Jake Hartrum, a garageman, for servicing. Sometime between 4:30 and 6 o'clock that afternoon, the exact hour being in dispute, Hartrum called plaintiff on the telephone and asked if he should bring the automobile to plaintiff's place of business. On receiving an affirmative answer, Hartrum drove the automobile down the main street of Seward and stopped in front of plaintiff's store. Plaintiff walked out into the street between two parked cars, and as he was passing in front of his own car in order to take the driver's seat, defendant's car struck the rear of plaintiff's car, causing it to jump forward. The front bumper struck plaintiff's left knee, causing the injuries of which complaint is made.

The trial court instructed the jury that Jake Hartrum was the agent of plaintiff and any negligence on his part should be imputed to plaintiff, the owner of the automobile. Plaintiff contends that this constituted prejudicial error.

Jake Hartrum testified that between one and two p. m., on the day of the accident plaintiff left his automobile at the Hartrum place of business for servicing. At about 5:30 Hartrum called plaintiff on the telephone and told him that Mrs. Hartrum was at the garage, and, in order that he might take Mrs. Hartrum home because of the bad weather,

he wanted to bring the automobile over to plaintiff's store. Plaintiff told him that it would be all right. Hartrum thereupon delivered the car as previously stated. The question for determination is whether Hartrum was an independent contractor or the agent or servant of the plaintiff.

The record shows that the automobile was delivered to plaintiff by Hartrum as a result of Hartrum's request and for his convenience. The record also shows that the weather was bad and that the delivery of the automobile operated to the benefit of the plaintiff. There is no evidence in the record to indicate a previous course of dealing or custom on the part of Hartrum in dealing with the plaintiff with reference to delivering the automobile after repairs were made.

The delivery of the automobile to Hartrum for servicing created the relation of bailor and bailee, and made the garageman an independent contractor. There is no evidence of any agreement to deliver the automobile to plaintiff as a part of the service, nor is there any evidence that plaintiff was to pay for having the automobile delivered at the store. The conclusion that we draw from the evidence is that the delivery of the automobile was for the convenience of Hartrum as well as an accommodation to the plaintiff.

Under these circumstances we are unable to say, as a matter of law, that Hartrum was the agent or servant of the plaintiff. Whether he was an independent contractor, or an agent or servant, is a question of fact which must be determined after a consideration of all the evidence in the case. We conclude that the trial court was in error when it instructed the jury that Hartrum was the agent of plaintiff as a matter of law and that the negligence of Hartrum, if any, was imputable to the plaintiff. The following rules of law control the decision of the case.

A garageman who receives an automobile for the purpose of repairing it becomes a bailee of the car, and as such occupies the position of an independent contractor.

"In the absence of contract or custom, the bailee is under no obligation to make delivery to the owner, at either his

place of business or his residence, of the article left with him for repair." *Marron v. Bohannan,* 104 Conn. 467, 133 Atl. 667.

The fact that an employee is the general servant of one employer does not, as a matter of law, prevent him from becoming the particular servant of another, who may become liable for his acts.

When one has contracted with a competent and fit person, exercising an independent occupation, to do a piece of work for him according to the contractor's own methods and without his being subject to control, except as to the result of his work, the relationship is that of an independent contractor and not that of an agent or servant.

On the other hand, one who drives a car as a mere accommodation or favor to the owner of the car is the servant of the owner.

The right of control, or the want of it, is determinative of the relationship; for one who has no right of control over another ought not be required to answer for his acts, and, on the other hand, if one has such right of control he should be answerable. Whether or not the right of control exists is ordinarily a question of fact for the jury, and is usually arrived at by inference from the terms of the contract, the character of the employment, and all the relevant facts and circumstances. When the facts are in dispute, or more than one inference can be drawn therefrom, the question is for the jury. *Andres v. Cox,* 223 Mo. App. 1139, 23 S. W. (2d) 1066.

In view of the fact that the error pointed out will require a new trial of the case, it is not necessary for us to discuss the other assignments of error set out in the briefs. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.