**BILTGEN v. REYNOLDS, Collector of Internal Revenue.**

**Civil Action No. 87.**

District Court, D. Minnesota, First Division.

April 14, 1943.

George, Owen & Brehmer, of Winona, Minn., for plaintiff.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Dist. Atty., both of St. Paul, Minn., for defendant.

JOYCE, District Judge.

The above entitled matter being regularly at issue came on for trial at the January, 1943, term of the above court on the 2nd day of February, 1943. The court having heard the evidence and being advised in the premises now makes and files the following Findings of Fact and Conclusions of Law:

Findings of Fact.

I. That plaintiff is a citizen and resident of the District of Minnesota and during the times hereinafter mentioned as a sole trader operated a tavern in the City of Winona known as Sugar Loaf Tavern.

II. That defendant is and at all times herein mentioned was the duly appointed, qualified and acting Collector of Internal Revenue for the District of Minnesota.

III. That during the calendar years 1937 to 1940, inclusive, the plaintiff reported all amounts paid by her to her employees and paid all taxes assessable thereon under the provisions of Title VIII of the Social Security Act and Title IX of the Federal Unemployment Tax Act.

IV. That plaintiff did not include in her reports in the preceding paragraph mentioned amounts paid by her during the calendar years 1937 to 1940 inclusive to contractors furnishing orchestral music at her place of business and that after examination of her books and records agents of the defendant determined the amount paid by her in said calendar years for the purchase of orchestra music and upon the theory that such payments were made to her employees assessed taxes thereon under both the Social Security Act and Federal Unemployment Tax Act in the aggregate sum of One Thousand One Hundred Fifty-four and 69/100 Dollars ($1,154.69).

V. That plaintiff paid to defendant the sum of Four Hundred Fifty-seven and 34/100 Dollars ($457.34) on January 21, 1942, and the sum of Six Hundred Ninety-seven and 35/100 Dollars ($697.35) on January 26, 1942, and that prior to such payments the plaintiff endeavored to have said assessments cancelled by filing claims for abatement of said assessments and that immediately after the payment of said amounts the plaintiff filed claims for refund therefor with the defendant.

VI. That plaintiff's said claims for refunds were filed more than six (6) months prior to the commencement of this action and that plaintiff was authorized by law to bring the above action for the recovery of the amount so paid by her if the persons furnishing orchestral music at her tavern during said calendar years were not in fact her employees.

VII. That between the first day of January, 1937, and the 31st day of December, 1940, the defendant entered into several oral agreements with individual contractors to furnish orchestral music at her place of business; that the only terms of said agreements were that plaintiff would pay a specified contract price weekly to such contractors for ·such entertainment and that the contractors would, in consideration of such payments, furnish orchestral music during specified hours each day; that pursuant to said agreements during all of said calendar years plaintiff did pay the full weekly contract price to the contractors during such time as their organizations were furnishing such music and that plaintiff never at any time paid any amounts to or furnished any accommodations to the members of any of the orchestras furnishing entertainment; that the contractors in each case furnished all musical instruments, music, loud speaking systems and other equipment used by their respective orchestras; that each of said contractors had the sole right to hire and discharge the members of their orchestras and did so from time to time without the plaintiff's having knowledge thereof; and that the plaintiff was never furnished with or even knew the names of the individual musicians in the orchestras furnished by such contractors; that the contractors alone determined the dress and deportment of the employees of their respective orchestras, alone determined where or whether rehearsals should be held, alone selected the music which was to be played and the style in which it was to be played; that each of the orchestras furnished by said respective contractors were permanent organizations, well known in the vicinity of Winona, Minnesota; that such orchestras had been advertised under trade names prior to the time plaintiff contracted for such orchestras; that the contractors had no other business during the times they furnished music at plaintiff's place of business other than the furnishing of such entertainment and were each in business on their own account as an independent contractor.

That the plaintiff never at any time had any right of control over the members of any of said orchestras or attempted to exercise such control and had no right of control and that none of the members of the orchestras furnishing entertainment to plaintiff during said years were her employees, and that no tax was legally assessable or due from plaintiff under either Title VIII of the Social Security Act or Title IX of the Federal Unemployment Tax Act upon the amounts paid by her for such entertainment.

VIII. That the sum of One Thousand One Hundred Fifty-four and 69/100 Dollars ($1,154.69) attempted to be assessed against plaintiff was based solely upon the amounts paid by her for the purchase of orchestra music in the manner above set forth.

### Conclusions of Law.

The court finds as conclusions of law:

1. That the plaintiff is entitled to judgment against the defendant in the sum of One Thousand One Hundred Fifty-four and 69/100 Dollars ($1,154.69) together with interest thereon at the rate of six per cent (6%) per annum from and after the 26th day of January, 1942, together with her costs and disbursements herein.

Let judgment be entered accordingly.

An exception is granted the defendant.

### Memorandum.

The question presented in this case is whether the musicians in question, including the leaders, were employees of the plaintiff during the years involved, as intended by Title VIII, Sections 1400 to 1432, 26 U.S.S.A. Int.Rev.Code, and Title IX, Sections 1600 to 1611, 26 U.S.C.A. Int.Rev.Code, of the Social Security Act.

Determination of the problem as to when one is an employer and when the relationship of an independent contractor exists is generally found in the answer to the question as to who has the right of control and direction over the individual members of the organization involved. In this case the orchestras were all established concerns, generally bearing some distinctive name and in each case the membership looked to the leader for employment, compensation, training and direction, and owed to him alone the obligation of loyalty. There were seven different orchestras which supplied music to the plaintiff over the period involved and the relationship with each was the same as set forth in the Findings herein. At no time does the evidence show that the plaintiff did anything except furnish the place for the services rendered and pay the leader with whom she had alone contracted for the agreed weekly stipend.

In Hill Hotel Co. v. Kinney, 138 Neb. 760, 295 N.W. 397, 398, an independ-

ent contractor was defined as "one who renders the service in the course, of an independent occupation, representing the will of his employer only as to the result of the work, and not as to the means by which it is accomplished," citing Reeder v. Kimball Laundry, 129 Neb. 306, 261 N.W. 562. From the quoted case a further interesting statement reads:

"In actual affairs an independent contractor generally pursues the business of contracting, enters into a contract with his employer to do a specified piece of work for a specific price, makes his own subcontracts, employs, controls, pays and discharges his own employees, furnishes his own material and directs and controls the execution of the work."

One could readily apply this statement to the facts in evidence here and find appropriate application for each element of the quoted paragraph.

For cases holding that an independent contractor is not an employee, see Indian Refining Co. v. Dallman, 7 Cir., 119 F.2d 417; Texas Company v. Higgins, 2 Cir., 118 F.2d 636; Jones v. Goodson, 10 Cir., 121 F.2d 176.

In Williams v. United States, 7 Cir., 126 F.2d 129, there was a discussion of the elements to be considered as bearing upon the relationship of employer and employee and it was concluded that since the right to control involves the power to discharge, the relationship of master and servant will not exist unless the power to discharge exists. In this case, as is shown, no power to discharge was lodged in the plaintiff. That was the sole prerogative of the leader of the orchestra. The question for determination in the Williams case was the status of the plaintiff Williams, who was the leader of a dance orchestra known as "Griff Williams and his Orchestra." If he was an independent contractor, then he was the employer of the members of the orchestra and was liable for the tax involved. If he was the employee of the establishment for whose purposes the orchestra supplied music, then the latter would be liable for the tax. The court of appeals reversed the lower court and held the band leader to be an independent contractor and not an employee of the establishment. I think it may be fairly inferred from a consideration of the evidence in this case that it does not suffer by comparison with the Williams case as to the weight of the evidence supporting the claim of independent contractor. See also In re Ten Eyck, D.C., 41 F.Supp. 375.

I conclude that the plaintiff herein was not the employer of the various orchestra members and their leaders and is not liable for the taxes paid, and judgment should be in her favor.

Let this memorandum be made a part of the foregoing findings of fact and conclusions of law.