CHARLES A. WILDS, APPELLANT, v. WILLIAM N. MOREHOUSE ET AL., APPELLEES.

42 N. W. 2d 649

Filed May 18, 1950. No. 32782.

*Dryden, Jensen & Dier,* and *Bolus J. Bolus,* for appellant.

*Neely & Otis, Arthur J. Nevins,* and *Hamer, Tye & Worlock,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant seeks to recover from appellees benefits provided by the Nebraska Workmen's Compensation Act. The compensation court rejected his claim on the ground that he was an independent contractor. He waived rehearing and appealed to the district court for Buffalo County. A transfer of the case was, by virtue of a stipulation of the parties, made to the district court for Douglas County. § 48-181, R. S. Supp., 1949. A trial therein resulted in a finding that appellant was not an employee of William N. Morehouse, appellee, and a judgment of dismissal. Motion of appellant for a new trial was denied and he has appealed. Royal Indemnity Company was the compensation insurance carrier of appellee and further reference to it herein is not required.

The question to be decided is whether appellant was at the time of the accident engaged as an employee or an independent contractor. This cannot be determined by any single test or rule. The relationship must be established from a consideration of all the facts and circumstances of the case. Peterson v. Christenson, 141 Neb. 151, 3 N. W. 2d 204; Prescher v. Baker Ice Machine Co., 132 Neb. 648, 273 N. W. 48.

Appellee owned and for many years operated a trucking business. He was authorized by both the Interstate Commerce Commission and the Nebraska State Railway Commission. He sometimes secured a truck operator to haul for him when the volume of his business exceeded the capacity of his equipment. Appellant purchased a tractor, rented a trailer, and engaged in and carried on a trucking business for several months prior to the accident involved in this case. He had no "over-the-road" highway permit for either intrastate or

interstate operation, but operated on the permits of other truckers. He was known as a "wild catter." He solicited regular licensed truckers to engage him to haul for them. He approached appellee on this basis in November of 1948. He had not done any work for appellee, but had solicited him for an engagement. Appellee made an investigation and later told appellant he had a load at Swift & Company for Saturday morning and he could go down and load it and then come to the home of appellee. That was on a Friday. The next morning appellant took his truck to the Swift plant and told the man in charge that he was there for a truckload for Denver, Colorado. The truck was loaded with 24,000 pounds of shortening and two barrels of glue. Appellant was given an invoice to take to appellee. He then went, as he had been requested to do, to the home of appellee and was told by him that the tariff was 55 cents a hundredweight, and the difference between that and 15 percent of it, plus the wheel tax, would be paid him for taking and delivering the cargo to the Swift plant in Denver; that appellee would pay the expense of public liability and property damage insurance; and he gave appellant a letter to the port of entry so that he could enter and travel on the highways in Colorado. Appellee advanced or loaned him $90 which he requested for expenses. Appellee told him that delivery should be made at the Swift plant in Denver sometime Monday morning, but did not specify any exact hour of arrival. Neither of the parties knew the location of the plant in Denver. Appellee thought it was in the east part of the city and appellant said he would locate it. The entire subject matter of the engagement was one truckload of merchandise to be transported from Omaha, Nebraska, to Denver, Colorado, by a time certain. Appellant consulted the Nebraska Safety Patrol to ascertain which highway was best suited for travel at that time. Appellee said nothing as to the route to be traveled, and it was not a condition of the arrangement that appellant was

personally obligated to accompany or operate the truck in transporting the merchandise to and delivering it in Denver. Nothing was said by either of the parties in reference to any deduction for social security or income tax. Appellant left Omaha about 2 p. m. on Sunday, reached Grand Island at 8 p. m., ate dinner there, and left at 8:30 p. m. on U. S. Highway No. 30. He traveled slowly because of recent repairs to the motor of his tractor. When he was about seven miles west of Kearney, he was involved in an accident and sustained injuries complained of in this case.

Appellant was in the business of transporting commodities by truck, was an independent operator, and used the equipment he owned and leased for that purpose. The engagement he made with the appellee concerned one definite thing—the transportation by him, for a fixed consideration, of one truckload of merchandise from Omaha, Nebraska, to Denver, Colorado, by means of his truck and equipment. The destination and time of arrival were determined by appellee. All details of the manner and means of executing the work were solely the responsibility of appellant. He was subject to the will of appellee only as to the result of the work, that is getting the merchandise to its destination on the forenoon of the day designated. The manner of loading the truck, the time of the commencement of the trip, the selection of the route to be traveled, the hours of work, the rate of speed, the interruptions and delays, the person selected to operate the truck and to accompany and deliver the goods, and all other matters involved in completing the work were left to the judgment and decision of appellant. Appellee, under the arrangement between the parties, had no right to direct appellant how or when the details of the transportation should be performed. He had no right to discharge the appellant or to interfere with him in the manner or mode of the performance of the work. A person who contracts to transport by the use of his truck and equipment merchandise

to a named destination by a specific time for a fixed compensation, who has the right to select and use any assistant desired, determine the hours of labor, the route of travel, the time of the commencement of the trip, and the incidents thereof, who is not subject to discharge by the person for whom the work is done, and who has the right to direct and control how and when the details of the transportation shall be done, is an independent contractor and is not an employee within the meaning of the Workmen's Compensation Act. In Lowe v. Chicago Lumber Co., 135 Neb. 735, 283 N. W. 841, it was decided that: " 'An independent contractor is one who renders the service in the course of an independent occupation, representing the will of his employer only as to the result of the work, and not as to the means by which it is accomplished.' " See, also, Nollett v. Holland Lumber Co., 141 Neb. 538, 4 N. W. 2d 554; Williams v. City of Wymore, 138 Neb. 256, 292 N. W. 726.

The appellant was, under the facts and circumstances of this case, an independent contractor, and not an employee, within the meaning of the Workmen's Compensation Act.

The judgment should be, and it is, affirmed.

AFFIRMED.