Gertrude V. Bohy, appellant, v. Pfister Hybrid
Company, appellee.

138 N. W. 2d 23

Filed November 19, 1965. No. 36007.

Wright, Simmons & Hancock, for appellant.

Holtorf, Hansen, Fitzke & Kortum and Sidner, Gunderson, Svoboda & Schilke, for appellee.

Heard before White, C. J., Carter, Spencer, Boslaugh, Brower, Smith, and McCown, JJ.

Boslaugh, J.

This is a proceeding under the Workmen's Compensation Act. Gertrude V. Bohy, the plaintiff, is the widow of Henry C. Bohy. The petition alleged that Bohy had been employed by Pfister Hybrid Company, the defendant, and while in the course of his employment was killed in a grade crossing accident on February 14, 1963.

The answer denied the allegations of the petition generally; and alleged that Henry C. Bohy was an independent contractor and that no accident occurred which made the Workmen's Compensation Law applicable.

The compensation court, after the hearing before a single judge of that court, found that Bohy was an independent contractor and dismissed the action. Both parties filed applications for rehearing before the full compensation court. The compensation court sitting en banc, with one judge dissenting, found that Bohy was an independent contractor and dismissed the action.

The plaintiff appealed to the district court which found generally for the defendant, that the judgment of the compensation court should be affirmed, and dismissed the action. The plaintiff's motion for new trial was overruled and she has appealed to this court.

The record shows that the defendant is engaged in the business of producing and marketing hybrid seed corn. In 1955, Bohy submitted an application to the defendant to obtain a contract authorizing him to sell the defendant's product in the Scottsbluff, Nebraska, area. On March 10, 1955, Bohy and the defendant executed a written contract entitled "Dealer's Agreement." On August 1, 1961, a new agreement, substantially the same as the March 10, 1955, agreement, was executed. The August 1, 1961, agreement was in force at the time of Bohy's death on February 14, 1963.

The contract between Bohy and the defendant provided that Bohy, as a dealer, agreed to undertake the sale of Pfister Hybrid Seed Corn in the Scotts Bluff County area and that Bohy would not handle any other hybrid seed corn while the contract was in force. The defendant agreed to deliver seed corn to Bohy on consignment to fill the orders taken by him, and allow him a discount from the established retail price at a special rate which varied according to the quantity sold. The contract further provided that prices and terms of sale would be prescribed by the defendant; that Bohy was responsible for delivery of seed corn to purchasers and collection of the purchase price; that the title to seed corn delivered to Bohy remained in the defendant; that claims for shortages or damage must be made immedi-

ately; that seed corn remaining unsold could be returned to the defendant; that proceeds from the sale of seed corn were the property of the defendant and were to be transmitted to the defendant in the same form as received; that orders and downpayments were to be sent to the defendant weekly; that a report of completed deliveries and the net amount due would be sent to the defendant weekly; that details of work, hours of work, and personnel of dealer's assistants were entirely within the discretion of Bohy but that Bohy agreed to consult with representatives of the defendant and bring matters affecting the business to the attention of the defendant; that crop failure and other conditions beyond the control of the defendant relieved it from its obligations under the contract; and that the agreement could be terminated by either party at any time by written notice. The agreement further provided: "NEITHER said dealer nor any of his agents or employees shall in any manner be deemed or held to be employees of the Pfister Hybrid Company, nor shall said dealer or any agent or employee of his be entitled to any benefits payable to employees of the Pfister Hybrid Company, such as, but not limited to, workmen's' compensation, pension, unemployment insurance and social security laws of the United States or the several States thereof."

The record further shows that Bohy sold seed corn other than that supplied by the defendant and did not transmit proceeds from the sale of seed corn to the defendant weekly or in the same form as received. To that extent, the performance by the parties deviated from the strict terms of the written contract.

The record indicates that Bohy supplied his own transportation and advertising materials. Joe Foster, a fieldman for the defendant, would sometimes ride with Bohy to call on customers. Funds remitted to Bohy by the defendant were designated on the defendant's record as discount, discount earned, or commission.

The contract under which service is performed and

the performance thereunder determine the relationship between the contracting parties. In re Estate of Bingaman, 155 Neb. 24, 50 N. W. 2d 523.

The issue as to whether or not a workman is an employee, as distinguished from an independent contractor, is to be determined from all the facts in the case. There is no single test by which that determination can be made. An independent contractor is generally distinguished as being a workman who is independent in his employment; one who contracts to do a particular piece of work according to his own method, and is not subject to the control of his employer, except as to the results of his work. He is not in such a case a servant of his employer; nor can he be controlled by the employer in the manner of doing the work, except to the extent that the employer has the right to give such directions as may be found necessary to insure compliance with the contract. Petrow & Giannou v. Shewan, 108 Neb. 466, 187 N. W. 940.

An independent contractor is one who renders the service in the course of an independent occupation representing the will of his employer only as to the result of the work and not as to the means by which it is accomplished. Wilds v. Morehouse, 152 Neb. 749, 42 N. W. 2d 649.

In Johnston v. Smith, 123 Neb. 716, 243 N. W. 894, the plaintiff who sold newspaper advertising for the defendant upon a commission basis was held to be an independent contractor. This court said: "The plaintiff having undertaken to obtain contracts for advertising for no other remuneration than a percentage of the gross amount of the contracts, to pay all of his own traveling expenses, to choose his hours of labor, and to select the prospective customers upon whom he should call in his territory, without apparent right of the defendant to control his work, was not an employee within the meaning of the workmen's compensation act at the time of his injury, even though he was assigned a territory in

which to work and given a list of prospective customers and supplies with which to write the contracts. Christensen v. Protector Sales Co., 105 Neb. 389; Petrow & Giannou v. Shewan, 108 Neb. 466; Priest v. Business Men's Protective Ass'n, 117 Neb. 198."

We think that the facts and circumstances in this case show that Bohy was an independent contractor and not an employee of the defendant.

The plaintiff argues that the written contract between the parties, the "Dealer's Agreement," was a scheme, artifice, or device used by the defendant to avoid liability under the Workmen's Compensation Act and that the defendant should be held liable under section 48-116, R. R. S. 1943. Except as provided in section 48-112, R. R. S. 1943, an employer cannot escape liability under the Workmen's Compensation Act by the use of a written contract of employment in which an employee, who would otherwise be covered by the act, is recited to be something other than an employee. In this case all of the facts and circumstances, including the contract under which the service was performed and the performance thereunder, establish that the relationship between Bohy and the defendant was that of independent contractor.

The plaintiff further argues that the "Dealer's Agreement" between Bohy and the defendant was an illegal contract unless it was a contract of employment. The plaintiff asserts that a contract by which the defendant controls the price for resale of its product violates the provisions of Chapter 59, R. R. S. 1943, and the federal laws which pertain to such agreements. One difficulty with this argument is that it assumes that the defendant's products were sold to Bohy so that they became his property and were then resold by Bohy to his customers. The "Dealer's Agreement" clearly provided that title to the defendant's products delivered to Bohy remained vested in the defendant and provided for the return to the defendant of products remaining unsold.

There is another phase of the case that should be

mentioned. Before the plaintiff could recover compensation in this case, she was required to prove that Bohy was killed as a result of an accident arising out of and in the course of his employment by the defendant. The only evidence concerning what Bohy may have been doing at the time of the accident is the plaintiff's testimony that the last time she saw her husband before his death was "That morning when he left to go to work." The accident occurred at about 11:30 a. m., south of Morrill, Nebraska. The evidence in this case was not sufficient to show affirmatively that Bohy, if an employee, was on his employer's business at the time of the accident. See Oline v. Nebraska Nat. Gas Co., 177 Neb. 851, 131 N. W. 2d 410.

The conclusion which we have reached is the same as that reached by the compensation court and the district court. The judgment of the district court is, therefore, affirmed.

AFFIRMED.